Roxanne A. Davis, SBN 132128
Frank Hakim, SBN 173365
DAVIS*GAVSIE & HAKIM, LLP
100 Wilshire Boulevard, Suite 700
Santa Monica, California 90401
Telephone:  (310) 789-2240
Facsimile:  (310) 789-2249
Roxanne@DGHLawyers.com
Frank@DGHLawyers.com

Attorneys for Plaintiffs
PAMELA HILL, JERI STEWART, RHONDA JOHNSON,
SHYRAUN RUFFIN, SHEILA SEALS, LA TINA BLACKMON,
DERRICK YOUNG, CORY BROWN, STEPHEN JOHNSON,
DARRYL SHAW, ROYCE GAVIN, PAUL WILLIAMS,
HAROLD GREEN, JR., LASAUNDRA PIAZZA, DANIELLE THOMPSON,
and OLANDO GRAVES, individually, on behalf of other aggrieved employees,
and on behalf of all similarly situated employees

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA HILL, JERI STEWART, RHONDA JOHNSON, SHYRAUN RUFFIN, SHEILA SEALS, LA TINA BLACKMON, DERRICK YOUNG, CORY BROWN, STEPHEN JOHNSON, DARRYL SHAW, ROYCE GAVIN, PAUL WILLIAMS, and HAROLD GREEN, JR. individually, on behalf of other aggrieved employees pursuant to California Private Attorneys General Act of 2004, and PAMELA HILL, JERI STEWART, RHONDA JOHNSON, SHYRAUN RUFFIN, SHEILA SEALS, LA TINA BLACKMON, DERRICK YOUNG, CORY BROWN, STEPHEN JOHNSON, DARRYL SHAW, ROYCE GAVIN, PAUL WILLIAMS, HAROLD GREEN, JR., LASAUNDRA PIAZZA, DANIELLE THOMPSON, and OLANDO GRAVES, individually, on behalf of all similarly situated employees;<br><br>          Plaintiffs,<br><br> vs.<br><br>PACIFIC MARITIME ASSOCIATION, a California corporation; APM TERMINALS NORTH AMERICA INC., a corporation; APM | CASE NO.: 24-cv-00336-TSH<br><br>Assigned for all purposes to:<br>U.S. Magistrate Judge Thomas S. Hixson<br><br>CLASS ACTION<br><br>SECOND AMENDED COMPLAINT FOR:<br>(1) ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE §§2698, ET SEQ., AND<br>(2) CLASS ACTION<br>FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION<br><br>DEMAND FOR JURY TRIAL<br><br>1. Violation of California Labor Code §§2698, et seq. (California Labor Code Private Attorneys General Act of 2004 or "PAGA")<br>2. Violation of San Francisco Sick Pay Ordinance<br>3. Violation of Oakland Sick Pay Ordinance |

**TERMINALS PACIFIC LLC, a Limited Liability Company; COSCO SHIPPING TERMINALS (NORTH AMERICA) INC., a California corporation; EVERGLADES COMPANY TERMINAL, INC., a corporation; EVERPORT TERMINAL SERVICES, INC., a corporation; FENIX MARINE SERVICES, LTD., a Limited Company; INTERNATIONAL TRANSPORTATION SERVICE, LLC, a Limited Liability Company; LBCT, LLC, a Limited Liability Company; MAERSK A/S, a corporation; MARINE TERMINALS CORPORATION, a corporation; METRO CRUISE SERVICES LLC, a California corporation; METROPOLITAN STEVEDORE COMPANY, a California corporation; PACIFIC TERMINAL SERVICE COMPANY, LLC, a Limited Liability Company; PASHA STEVEDORING & TERMINALS, INC., a California corporation; PASHA STEVEDORING & TERMINALS, L.P., a California Limited Partnership; PORTS AMERICA CRUISE, INC., a corporation; SSA CONTAINERS, INC., a corporation; SSA MARINE, INC., a corporation; SSA PACIFIC, INC., a corporation; SSA TERMINALS, LLC, a Limited Liability Company; STEVEDORING SERVICES OF AMERICA 811-WA, an unknown business entity; TOTAL TERMINALS INTERNATIONAL, LLC, a Limited Liability Company; TRAPAC, LLC, a Limited Liability Company; WEST BASIN CONTAINER TERMINAL, LLC, a Limited Liability Company; YANG MING (AMERICA) CORPORATION, a corporation; YUSEN TERMINALS LLC, a California Limited Liability Company; APS STEVEDORING, LLC, a Limited Liability Company; BENICIA PORT TERMINAL COMPANY, a California corporation; INNOVATIVE TERMINAL SERVICES INC., a California corporation; PACIFIC CRANE MAINTENANCE COMPANY, LLC, a Limited Liability Company; WEST COAST TERMINAL AND STEVEDORE, INC., a California corporation; HARBOR INDUSTRIAL SERVICES CORPORATION, a California corporation; and DOES 1 through 100, inclusive,**

4. **Violation of Los Angeles Sick Pay Ordinance**
5. **Violation of San Diego Sick Pay Ordinance**
6. **Retaliation in Violation of Labor Code §§1102.5, 98.6, and Los Angeles Municipal Code**
7. **Violation of Labor Code §226**
8. **Violation of Labor Code §§201-203**
9. **Violation of Labor Code §204**
10. **Violation of California Business & Professions Code §§17200, et seq.**

SECOND AMENDED CLASS ACTION AND PAGA COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, RESTITUTION AND PENALTIES

1
2

**Defendants.**

3
4    Plaintiffs PAMELA HILL, JERI STEWART, RHONDA JOHNSON, SHYRAUN RUFFIN,

5    SHEILA SEALS, LA TINA BLACKMON, DERRICK YOUNG, CORY BROWN, STEPHEN

6    JOHNSON, DARRYL SHAW, ROYCE GAVIN, PAUL WILLIAMS, HAROLD GREEN, JR., ("Ms.

7    Hill," "Ms. Stewart," "Ms. Johnson," "Ms. Ruffin," "Ms. Seals," "Ms. Blackmon," "Mr. Young," "Mr.

8    Brown," "Mr. Johnson," "Mr. Shaw," "Ms. Gavin," "Mr. Williams,"  and "Mr. Green") individually, on

9    behalf of other aggrieved employees pursuant to California Private Attorneys General Act of 2004

10   ("PAGA"), who are collectively referred to as "PAGA Plaintiffs," and all of the foregoing PAGA

11   Plaintiffs along with LASAUNDRA PIAZZA ("Ms. Piazza"), DANIELLE THOMPSON ("Ms.

12   Thompson"), and OLANDO GRAVES ("Mr. Graves"), on behalf of all similarly situated employees,

13   who are collectively referred to as "Class Action Plaintiffs," all of whom together are referred to as

14   "Plaintiffs," allege as follows:

## JURISDICTION

15   1.    This is a class action and PAGA enforcement action to recover sick pay wages, civil and

16   statutory penalties, one-time Pandemic wage payments, and all other damages and available relief owed

17   by Defendants to Plaintiffs and all other aggrieved and similarly situated employees, all current

18   employees who are or were employed by one or more of the named Defendants in California, and who

19   suffered one or more of the Labor Code violations and/or violation of the city ordinances set forth in this

20   Complaint, and all penalties and relief due and owing by Defendants to the State of California, as set

21   forth more fully below, brought pursuant to California Code of Civil Procedure ("C.C.P.") §382,

22   Oakland Municipal Code §§5.92, *et seq.*; San Francisco Sick Leave Ordinance, formerly Administrative

23   Code Chapter 12W, *et seq.*, redesignated as Labor and Employment Code Article 11; Los Angeles

24   Municipal Code §§187.00 *et seq.*; San Diego Municipal Code §§39.0101, *et seq.;* and the California

25   Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§2698, *et seq.*

26   2.    Defendants have flagrantly and intentionally violated the laws requiring them to:

27          a.   Provide sick pay to thousands of employees,

28          b.   Have a policy that provides sick pay to thousands of employees,

SECOND AMENDED CLASS ACTION AND PAGA COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, RESTITUTION AND PENALTIES

c.   Post notice to employees of their rights to take paid time off for illness, injury or other qualifying reasons,

d.   Provide a mechanism by which employees can report when they need to take time off for illness, injury or other qualifying reasons,

e.   Keep records of employees' sick pay earned and used, and

f.   Not retaliate against employees who file complaints with the California Labor Commissioner.

Defendants' failure to have such a policy, practice or other mechanism to report when employees are sick or other qualifying reasons rendered any request for sick pay futile.

3.   The monetary damages, penalties and restitution sought by Plaintiffs exceed the minimal jurisdictional limits of the federal court and will be established according to proof at trial.

4.   This Court has jurisdiction over all Defendants because Defendants are either citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

5.   Venue is proper in the United States District Court, Northern District of California because Defendant Pacific Maritime Association's ("PMA") principal place of business is in San Francisco, California, this case was originally filed in San Francisco Superior Court, and on January 19, 2024, the Court removed this case from Superior Court pursuant to a request by Defendants APM Terminals North America, Inc., APM Terminals Pacific, LLC, Maersk A/S, SSA Containers, Inc., SSA Marine, Inc., SSA Pacific, Inc., SSA Terminals, LLC, and Yang Ming (America) Corporation under the Class Action Fairness Act ("CAFA") pursuant to 28 U.S.C. §§1441, 1446, and 1453 because: (i) diversity of citizenship exists between at least one putative class member and one Defendant, (ii) the aggregate number of putative class members in all proposed classes is 100 or greater; and (iii) the amount placed in controversy by the First Amended Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs. 28 U.S.C. §§1332(d)(2) & (d)(5)(B), 1453.

///

///

///

4

**THE PLAINTIFFS**

6.      Plaintiff PAMELA HILL is and was at all times mentioned herein a resident of the State of California. At the time of filing of this Complaint, she has worked full-time for Defendants for 10 years, beginning in 2014. She has worked as a watchman, which includes but is not limited to security functions, transportation and communications, during the Relevant Time Period. The "Relevant Time Period" begins at the applicable date – e.g., 3 years prior to the date of filing a Labor Commission Complaint, 4 years prior to the date of filing the Complaint in this action, 4 years prior to the date of filing the First Amended Complaint, or 1 year prior to the filing of the letter(s) with the Labor and Workforce Development Agency ("LWDA"), until the date of the ultimate disposition of this action or until the date Defendants correct all of the violations alleged.

7.      Plaintiff JERI STEWART is and was at all times mentioned herein a resident of the State of California. At the time of filing of this Complaint, she has worked full-time for Defendants for 17 years, beginning in 2007. She has worked as a watchman, which includes but is not limited to security functions, transportation and communications, during the Relevant Time Period.

8.      Plaintiff RHONDA JOHNSON is and was at all times mentioned herein a resident of the State of California. At the time of filing of this Complaint, she has worked full-time for Defendants for 9 years, beginning in 2015. She has worked as a watchman, which includes but is not limited to security functions, transportation and communications, during the Relevant Time Period.

9.      Plaintiff SHYRAUN RUFFIN is and was at all times mentioned herein a resident of the State of California. At the time of filing of this Complaint, she has worked full-time for Defendants for 24 years, beginning in 2000. She has worked as a longshore worker and as a clerk during the Relevant Time Period.

10.      Plaintiff SHEILA SEALS is and was at all times mentioned herein a resident of the State of California. She worked full-time for Defendants for 23 years, beginning in 2000. She worked as a longshore worker during the Relevant Time Period.

11.      Plaintiff LA TINA BLACKMON is and was at all times mentioned herein a resident of the State of California. At the time of filing of this Complaint, she has worked full-time for Defendants for 24 years, beginning in 2000. She has worked as a longshore worker and as a clerk during the Relevant Time Period.

12.    Plaintiff DERRICK YOUNG is and was at all times mentioned herein a resident of the State of California. At the time of filing of this Complaint, he has worked full-time for Defendants for 26 years, beginning in 1998. He has worked as a longshore worker during the Relevant Time Period.

13.    Plaintiff CORY BROWN is and was at all times mentioned herein a resident of the State of California. At the time of filing of this Complaint, he has worked full-time for Defendants for 19 years, beginning in 2005. He has worked as a longshore worker during the Relevant Time Period.

14.    Plaintiff STEPHEN JOHNSON is and was at all times mentioned herein a resident of the State of California. At the time of filing of this Complaint, he has worked full-time for Defendants for 23 years, beginning in 2001. He has worked as a longshore worker during the Relevant Time Period.

15.    Plaintiff DARRYL SHAW is and was at all times mentioned herein a resident of the State of California. At the time of filing of this Complaint, he has worked full-time for Defendants for 18 years, beginning in 2006. He has worked as a longshore worker during the Relevant Time Period.

16.    Plaintiff ROYCE GAVIN is and was at all times mentioned herein a resident of the State of California. At the time of filing of this Complaint, she has worked full-time for Defendants for 5 years, beginning in 2019. She has worked as a longshore worker during the Relevant Time Period.

17.    Plaintiff PAUL WILLIAMS is and was at all times mentioned herein a resident of the State of California. At the time of filing of this Complaint, he worked full-time for Defendants for 19 years, until he recently retired. He worked as a longshore worker during the Relevant Time Period.

18.    Plaintiff HAROLD GREEN, JR. is and was at all times mentioned herein a resident of the State of California. At the time of filing of this Complaint, he worked full-time for Defendants for 20 years, until he recently retired. He has worked as a longshore worker during the Relevant Time Period.

19.    Plaintiff LASAUNDRA PIAZZA is and was at all times mentioned herein a resident of the State of California. At the time of filing of this Complaint, she has worked full-time for Defendants for 12  years, beginning in 2012. She has worked as a longshore worker during the Relevant Time Period.

20.    Plaintiff DANIELLE THOMPSON is and was at all times mentioned herein a resident of the State of California. At the time of filing of this Complaint, she has worked full-time for Defendants for 20 years, beginning in 2004. She has worked as a longshore worker during the Relevant Time Period.

SECOND AMENDED CLASS ACTION AND PAGA COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, RESTITUTION AND PENALTIES

21.     Plaintiff OLANDO GRAVES is and was at all times mentioned herein a resident of the State of California. At the time of filing of this Complaint, he has worked full-time for Defendants for 10 years, beginning in 2014. He has worked in various positions for Defendants including as a longshore worker during the Relevant Time Period.

## THE DEFENDANTS AND JOINT/CO-EMPLOYERS

22.     Defendants were employers, joint and/or co-employers of Plaintiffs and about 15,000 to 20,000 (and possibly more) other workers at Ports in the State of California, including but not limited to Los Angeles/San Pedro, Oakland, San Diego, San Francisco, Benicia, Crockett, Eureka, Humboldt, Long Beach, Port Chicago, Port Hueneme, Redwood City, Richmond, Stockton, and West Sacramento, and are jointly and severally liable for the violations of the state and city laws set forth herein.

23.     Defendant PACIFIC MARITIME ASSOCIATION ("PMA") is a corporation incorporated under the laws of the State of California with its principal place of business in San Francisco, California.  Defendant PMA is comprised of 70 member companies, including "ocean carriers and terminal operators who operate at the 29 West Coast Ports." Who We Are – PMA Pacific Maritime Association (pmanet.org)  Defendants herein are among Defendant PMA's 70 member companies. Defendants are in the business of shipping, stevedoring and operating marine terminals that employ Plaintiffs and thousands of other aggrieved and similarly situated employees.  *Ibid.* At all times mentioned herein, Defendant PMA is and/or was one of Plaintiffs' co-employers, along with each other Defendant for whom each Plaintiff worked, joint employers, and/or the presumed employer of Plaintiffs, identified as "Employer" on paycheck stubs and W-2 forms, per Plaintiffs' personnel documents and California Labor Code §226(a)(8).

24.     Defendant PMA is operated and controlled by Defendants as its Board of Directors is composed of executives from its member companies. *Ibid.* Among other tasks, PMA handles "integrated labor relations, human resources and administrative services" for its member companies. *Ibid.* PMA negotiates Maritime Labor Agreements with the International Longshore and Warehouse Workers Union ("ILWU"), for wages, employee benefits and conditions of employment for workers employed as longshore, marine clerk, watchman/security, drivers, and a number of other jobs. Labor Relations – PMA Pacific Maritime Association (pmanet.org) PMA also provides those employees with job training and safety training. *Ibid.* PMA processes weekly payrolls for more than 15,500 ILWU members. Payroll

& Benefits – PMA Pacific Maritime Association (pmanet.org)  PMA also maintains fringe benefits and a 401(k) Plan for Plaintiffs and other employees/members of the ILWU. *Ibid.*  "PMA submits daily orders for waterfront labor at 29 ports and works in partnership with the ILWU to dispatch workers on day, afternoon, and night shifts." Administrative Services – PMA Pacific Maritime Association (pmanet.org)

25.     Defendant PMA provided such Human Resources ("HR") services to each other Defendant, including but not limited to advising or failing to advise each other Defendant regarding employee policies and procedures, training to employees and collective bargaining.  Thus, Defendants exercised control over the wages, hours, or working conditions of Plaintiffs, aggrieved employees and other class members.  Defendant PMA and each other Defendant constitute a single employer/joint employer for purposes of liability, as there is (1) an interrelation of operations, and/or (2) centralized control of labor relations, among other factors. See, Laird v. Capital Cities/ABC, Inc. (1998) 68 Cal.App.4th 727, 737-738; Lockard v. Pizza Hut, Inc. (10th Cir. 1998) 162 F.3d 1062, 1069; Industrial Welfare Commission ("IWC") Wage Order No. 9-2001, Section 2(F) (Employer is: "any person … who directly or indirectly, or through an agent or any other person, employs or exercises control over the wages, hours, or working conditions of any person").  Defendant PMA is jointly and severally liable for the wrongs committed by each Defendant, as set forth below, as joint employers.

26.     Defendant APM TERMINALS NORTH AMERICA INC. ("APMNA") is a corporation registered with the Secretary of State to do business in the State of California with a principal place of business in the State of California.

27.     Defendant APM TERMINALS PACIFIC LLC ("APMP") is a Limited Liability Company registered with the Secretary of State to do business in the State of California with a principal place of business in the State of California.

28.     Defendant COSCO SHIPPING TERMINALS (NORTH AMERICA) INC. ("COSCO") is a corporation incorporated under the laws of the State of California with a principal place of business in the State of California.

29.     Defendant EVERGLADES COMPANY TERMINAL, INC. ("ECT") is a corporation registered with the Secretary of State to do business in the State of California with a principal place of business in the State of California.  However, as of this filing, ECT has no valid agent for service of

process listed with the California Secretary of State. ECT operates one of the WBCT Terminals at the Port of Los Angeles. WBCT - Everglades Company Terminal | Container | Terminals | Port of Los Angeles

30.    Defendant EVERPORT TERMINAL SERVICES, INC. ("ETS") is a corporation registered with the Secretary of State to do business in the State of California with a principal place of business in the State of California.

31.    Defendant FENIX MARINE SERVICES, LTD. ("FENIX") is a Limited Company registered with the Secretary of State to do business in the State of California with a principal place of business in the State of California.

32.    Defendant INTERNATIONAL TRANSPORTATION SERVICE, LLC ("ITS") is a Limited Liability Company registered with the Secretary of State to do business in the State of California with a principal place of business in the State of California.

33.    Defendant LBCT, LLC ("LBCT") is a Limited Liability Company registered with the Secretary of State to do business in the State of California with a principal place of business in the State of California.

34.    Defendant MAERSK A/S ("MAERSK") is a corporation registered with the Secretary of State to do business in the State of California with a principal place of business in the State of California.

35.    Defendant MARINE TERMINALS CORPORATION ("MTC") is a corporation registered with the Secretary of State to do business in the State of California with a principal place of business in the State of California.

36.    Defendant METRO CRUISE SERVICES LLC ("METRO CRUISE") is a corporation incorporated under the laws of the State of California with a principal place of business in the State of California.

37.    Defendant METROPOLITAN STEVEDORE COMPANY ("MSC") is a corporation incorporated under the laws of the State of California with a principal place of business in the State of California.

///

38.     Defendant PACIFIC TERMINAL SERVICE COMPANY, LLC ("PTSC") is a Limited Liability Company registered with the Secretary of State to do business in the State of California with a principal place of business in the State of California.

39.     Defendant PASHA STEVEDORING & TERMINALS, INC. ("PST") is a corporation incorporated under the laws of the State of California with a principal place of business in the State of California.

40.     Defendant PASHA STEVEDORING & TERMINALS, L.P. ("PSTLP") is a Limited Partnership incorporated under the laws of the State of California with a principal place of business in the State of California.

41.     Defendant PORTS AMERICA CRUISE, INC. ("PAC") is a corporation registered with the Secretary of State to do business in the State of California with a principal place of business in the State of California.

42.     Defendant SSA CONTAINERS, INC. ("SSAC") is a corporation registered with the Secretary of State to do business in the State of California with a principal place of business in the State of California.

43.     Defendant SSA MARINE, INC. ("SSAM") is a corporation *not* registered with the Secretary of State to do business in the State of California, with a principal place of business in the State of California.

44.     Defendant SSA PACIFIC, INC. ("SSAP") is a corporation registered with the Secretary of State to do business in the State of California with a principal place of business in the State of California.

45.     Defendant SSA TERMINALS, LLC ("SSAT") is a Limited Liability Company incorporated under the laws of the State of California with a principal place of business in the State of California.

46.     Defendant STEVEDORING SERVICES OF AMERICA 811-WA ("SSOA") is an unknown business entity *not* registered with the Secretary of State to do business in the State of California, with a principal place of business in the State of California.

///

47.     Defendant TOTAL TERMINALS INTERNATIONAL, LLC ("TTI") is a Limited Liability Company registered with the Secretary of State to do business in the State of California with a principal place of business in the State of California.

48.     Defendant TRAPAC, LLC ("TRAPAC") is a Limited Liability Company registered with the Secretary of State to do business in the State of California with a principal place of business in the State of California.

49.     Defendant WEST BASIN CONTAINER TERMINAL, LLC ("WBCT") is a Limited Liability Company registered with the Secretary of State to do business in the State of California with a principal place of business in the State of California.

50.     Defendant YANG MING (AMERICA) CORPORATION ("YM") is a corporation registered with the Secretary of State to do business in the State of California with a principal place of business in the State of California.

51.     Defendant YUSEN TERMINALS LLC ("YT") is a Limited Liability Company incorporated under the laws of the State of California with a principal place of business in the State of California.

52.     Defendant APS STEVEDORING, LLC ("APS") is a Limited Liability Company registered with the Secretary of State to do business in the State of California with a principal place of business in the State of California.

53.     Defendant BENICIA PORT TERMINAL COMPANY ("BPTC") is a corporation incorporated under the laws of the State of California with a principal place of business in the State of California.

54.     Defendant INNOVATIVE TERMINAL SERVICES INC ("ITSI") is a corporation incorporated under the laws of the State of California with a principal place of business in the State of California.

55.     Defendant PACIFIC CRANE MAINTENANCE COMPANY, LLC ("PCMC") is a Limited Liability Company registered with the Secretary of State to do business in the State of California with a principal place of business in the State of California.

///

11

56.     Defendant WEST COAST TERMINAL AND STEVEDORE, INC. ("WCTS") is a corporation incorporated under the laws of the State of California with a principal place of business in the State of California.

57.     Defendant HARBOR INDUSTRIAL SERVICES CORPORATION ("HISC") is a corporation incorporated under the laws of the State of California with a principal place of business in the State of California.

58.     Plaintiffs are unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 100 but will seek leave of this Court to amend the complaint and serve such fictitiously named Defendants once their names and capacities become known.

59.     Each aforementioned Defendant is and/or was at all times relevant hereto Plaintiffs' co-employer, joint employer, and/or the presumed employer of Plaintiffs, identified on paycheck stubs, per Plaintiffs' personnel documents and California Labor Code §226(a)(8).

60.     Each and all of the acts and omissions alleged herein was performed by, or is attributable to Defendants, each acting as the agent and employee for the other Defendants, with legal authority to act on the other's behalf, acting within the course and scope of that agency and employment or were otherwise responsible for the damages complained of by Plaintiffs.

61.     Defendants and each of them retain control over their employees, including Plaintiffs and other aggrieved and similarly situated employees.  Defendants and/or each of them paid Plaintiffs' salary, benefits, and taxes. Plaintiffs were covered by Defendants' personnel policies.  Defendants had the means or final authority to control employment practices or policies affecting their co-employees. Defendants and/or each of them maintained personnel records for Plaintiffs and employed Plaintiffs and other aggrieved and similarly situated employees throughout their employment.  Thus, Defendants are employers, co-employers and/or joint employers of Plaintiffs, other aggrieved and similarly situated employees.

62.     At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

///

63.     Plaintiffs are informed and believe, and thereon allege, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein. Defendants and each of them are liable for the wrongful conduct of each other as agents.

## GENERAL ALLEGATIONS

64.     At all relevant times set forth herein, Defendants employed Plaintiffs and thousands of other aggrieved employees and similarly situated persons in California at about 15 Ports, including employees who are registered and unregistered, or "casual," employees.[1]

65.     The California Healthy Workplace Healthy Family Act of 2014 ("HWHFA") has required and continues to require that employers compensate employees, including Plaintiffs, at the rate of 1 hour of sick pay at their regular rates of pay for every 30 hours worked.  California Labor Code §246(b)(1).

66.     In passing laws to provide employees with sick pay, the California legislature has declared:

SECTION 1.

Nearly every worker in the State of California will at some time during the year need some time off from work to take care of his or her own health or the health of family members…Providing workers time off to attend to their own health care and the health care of family members will ensure a healthier and more productive workforce in California. Paid sick days will have an enormously positive impact on the public health of Californians by allowing sick workers paid time off to care for themselves when ill, thus lessening their recovery time and reducing the likelihood of spreading illness to other members of the workforce. Paid sick days will allow parents to provide personal care for their sick children. Parental care ensures children's speedy recovery, prevents more serious illnesses, and improves children's overall mental and physical health…Employers who provide paid sick days enjoy greater employee retention and reduce the likelihood of employees coming to work sick…Many adults have significant elder care responsibilities requiring them to take time off from work or to work reduced hours.

…Domestic violence and sexual assault affect many persons. Domestic violence is a crime that has a devastating effect on families, communities, and the workplace…The National Crime Survey estimates that 175,000 days of work each year are missed due to domestic violence. Survivors of domestic violence and sexual assault may be vulnerable at work when trying to end an abusive relationship because the workplace may be the only place where the perpetrator knows to contact the victim. Studies show that up to one-half of domestic violence victims

---

[1] "As of December 2023, PMA members employed more than 16,402 registered employees and thousands more casual workers…" Pacific Maritime Association - 2023 PMA Annual Report (uberflip.com), page 33.

SECOND AMENDED CLASS ACTION AND PAGA COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, RESTITUTION AND PENALTIES

experience job loss. Forty percent reported on-the-job harassment. Nearly 50 percent of sexual assault survivors lose their jobs or are forced to quit in the aftermath of the assaults. Affording survivors of domestic violence and sexual assault paid sick days is vital to their independence and recovery.

SECTION 2.

…Sick pay laws safeguard the welfare, health, safety, and prosperity of the people of and visitors to California.

Legislative Counsel's Digest for AB 1522, Sections 1 and 2.

67.    In addition, the City of Los Angeles has also recognized, "[A] worker's ability to have access to sick time is important. Employees should be paid for a certain number of days they are sick or for taking care of ill family members…Therefore, by providing sick time benefits, the City seeks to promote the health, safety and welfare of thousands of workers by ensuring they…are able to attend to illnesses." Los Angeles Municipal Code §§187.00 and 187.04.

68.    Several other cities in California where some of Defendants employ Plaintiffs and similarly situated employees have acknowledged the importance of having laws to protect the health and well-being of its citizens, "to ensure a decent and healthy life for themselves and their families,"[2] and starting with sick leave and minimum wage.  *See*, Oakland Municipal Code §§5.92, *et seq*.; San Diego Municipal Code §§39.0101, *et seq.;* San Francisco Sick Leave Ordinance, formerly SF Administrative Code, Chapter 12W, *et seq*., redesignated as Labor and Employment Code Article 11,  operative January 4, 2024.

69.    Since 2007, San Francisco Sick Leave Ordinance, SF Administrative Code, formerly Chapter 12W, *et seq*., redesignated as Labor and Employment Code Article 11, has required and currently requires that employers compensate employees, including Plaintiffs, at the rate of 1 hour of sick pay at their regular rates of pay for every 30 hours worked.

70.    Since 2015, Oakland Municipal Code §§5.92, et seq. has required that employers compensate employees, including Plaintiffs, at the rate of 1 hour of sick pay at their regular rates of pay for every 30 hours worked.

///

///

---

[2] San Diego Municipal Code §39.0101.

14

71.     Since 2016, the City of Los Angeles' Municipal Code has required that employers compensate employees, including Plaintiffs, at the rate of 1 hour of sick pay at their regular rates of pay for every 30 hours worked.  Los Angeles Municipal Code §187.04.

72.     Since 2016, San Diego Municipal Code §§39.0101, *et seq.,* has required that employers compensate employees, including Plaintiffs, at the rate of 1 hour of sick pay at their regular rates of pay for every 30 hours worked.

73.     Plaintiffs, aggrieved employees and similarly situated employees are or have been employed by Defendants and worked more than 30 hours, 90 or more days for Defendants. During the Relevant Time Period, Plaintiffs and aggrieved employees had to take time off from work without pay for diagnosis, care or treatment of an existing health condition or preventive care for the employee, the employee's family member, a designated person, or another reason set forth in the law.

74.     **Defendants have never had a sick pay policy or plan and never provided any sick pay wages to Plaintiffs and other aggrieved employees and similarly situated employees to meet the minimum requirements of state or local laws.**

75.     Defendants have deprived thousands of employees in the State of California, including in the Cities of San Francisco, Oakland, Los Angeles and San Diego, of sick pay wages for many years. More specifically, in violation of the state and city laws:

- Defendants have failed to timely compensate employees with sick pay when they needed to take time off due to any reason set forth in the state and city laws, including but not limited to "diagnosis, care, or treatment of an existing health condition of, or preventive care for, an employee or an employee's family member [or] [f]or an employee who is a victim of domestic violence, sexual assault, or stalking." *See*, Labor Code §246.5; SF Labor & Employment Code §11.4; Oakland Municipal Code §5.92.030(B); Los Angeles Municipal Code §187.04; San Diego Municipal Code §39.0106.

- Defendants have failed to maintain a policy that provided employees with paid time off work for the reasons set forth in Labor Code §246.5; SF Labor & Employment Code §11.4; Oakland Municipal Code §5.92.030(B); Los Angeles Municipal Code §187.04; San Diego Municipal Code §39.0106.

SECOND AMENDED CLASS ACTION AND PAGA COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, RESTITUTION AND PENALTIES

- Defendants have failed to provide written notice to employees of their right to take off work with pay for sick time, in violation of state and city laws.

- Defendants have failed to provide a mechanism for employees to report to Defendants when they could not work due to a covered reason, in violation of state and city laws.

- Defendants have failed to keep records of sick pay hours and wages earned by employees, in violation of state and city laws.

- Defendants have failed to account for such earned and accrued sick pay hours and wages on employees' pay stubs, in violation of state and city laws.

76.     Plaintiffs and other aggrieved and similarly situated employees made ***hundreds of requests*** to Defendants to pay their sick pay wages.  Beginning in about 2020, Plaintiffs who were Watchmen and about 200-300 other aggrieved employees filed complaints with the California Labor Commissioner, Division of Labor Standards Enforcement, seeking unpaid sick wages and penalties from Defendants PMA and other Defendants, each of which was served on those Defendants who employed the Watchmen.  In July 2022, Plaintiffs' counsel sent a letter to Defendants PMA and a number of other Defendants advising them they were violating the law by failing to pay Plaintiffs sick pay wages and asking those Defendants to compensate employees for the sick pay wages owed.  In August 2023, Plaintiffs' counsel sent a letter to Defendants PMA and other Defendants and the California Labor Workforce Development Agency ("LWDA") advising them Defendants were violating the law by failing to pay Plaintiffs sick pay wages and asking Defendants to compensate employees for the sick pay wages and penalties owed.  In July 2024, Plaintiffs amended the LWDA letter and served it on Defendants. Defendants have failed and refused to compensate Plaintiffs and other aggrieved and similarly situated employees for the sick pay and penalties they are owed.

77.     Defendants, and each of them, continue to employ thousands of workers at various Ports throughout California without compensating them for sick time as the law requires.

78.     At all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California and federal law. **Defendants chose to intentionally violate the law as they were well aware of their legal obligations and chose not to provide the sick pay to their employees, even after being notified by Plaintiffs' counsel that**

16

**Defendants were violating the law. Apparently, the benefit and financial savings to Defendants by failing to provide sick pay to employees outweighed the risk that Defendants would be caught and held accountable to provide sick pay to their employees. Defendants had and have a duty to compensate Plaintiffs and other members of the Classes for sick pay wages, and Defendants had and have the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, all in order to increase Defendants' profits. For their flagrant violation of the laws of the state of California and cities in which Defendants operate, Defendants should be punished. There is no dispute that Defendants have violated and continue to violate state and city law by withholding sick pay wages to their employees and related abuses.**

79.     Defendants, through Defendant PMA, also have deprived Plaintiffs who are Watchmen and other Watchmen of money that they should receive. In 2022 and 2023, Defendants agreed to divide among its employees $70 million for the risks that these essential workers took by continuing to work during the COVID-19 Pandemic ("Pandemic Appreciation Pay"). However, in retaliation for hundreds of Watchmen filing Complaints with the California Labor Commissioner for sick pay and/or for exercising their right to seek sick pay, Defendants specifically have stated in writing that they are excluding all Watchmen from receiving this benefit, in violation of the law, despite the fact these Watchmen worked during the COVID-19 Pandemic, to discourage others from filing Labor Commission complaints against Defendants.

80.     Defendants should be compelled to implement a sick pay policy for all of their employees, in accordance with California and local laws, and to distribute equal payments to all Watchmen of the Pandemic Appreciation Pay benefit that other employees received.

## CLASS ACTION ALLEGATIONS

81.     Plaintiffs bring this action on their own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seek class certification under California Code of Civil Procedure §382, and/or any other applicable Section or Rule as to claims for unpaid sick wages, unlawfully withheld compensation, penalties, attorney's fees and costs under the California Labor Code, the Los Angeles Municipal Code, and the California Business & Professions Code. The Class Members have been denied compensation during the liability period. Plaintiffs are representatives of those other employees and are acting on behalf of their interests, as well as Plaintiffs' own interests, in bringing this

action. These similarly-situated employees are known to Defendants and each of them and are readily identifiable and ascertained through Defendants' own records.

82.    Plaintiffs' proposed classes consist of and are defined as follows:

    (a) **San Francisco Sick Pay Class -** All employees who worked for one or more of the named Defendants in the City of San Francisco, California, for at least 30 hours, and at least 90 days, during the Relevant Time Period.

    (b) **Oakland Sick Pay Class -** All employees who worked for one or more of the named Defendants in the City of Oakland, California, for at least 30 hours, and at least 90 days, during the Relevant Time Period.

    (c) **Los Angeles Sick Pay Class -** All employees who worked for one or more of the named Defendants in the City of Los Angeles, California, for at least 30 hours, and at least 90 days, during the Relevant Time Period.

    (d) **San Diego Sick Pay Class** - employees who worked for one or more of the named Defendants in the City of San Diego, California, for at least 30 hours, and at least 90 days, during the Relevant Time Period.

    (e) **Watchmen Pandemic Appreciation Pay Class or Excluded Watchmen** - All Watchmen who are or were employed by one or more of the named Defendants during the 2022 Payroll Year and had wages greater than $0.00, who Defendants excluded from receiving the "Pandemic Appreciation Payment" (i.e., hazard pay for essential workers) from $70,000,000 that Defendants agreed to pay by November 10, 2023, to other employees "in recognition of the…workforce's contributions in support of West Coast port operations and delivering vital goods to Americans coast-to-coast during the extraordinary and unprecedented circumstances of the pandemic era," per "Letter of Understanding ILWU Pandemic Appreciation Payment" from James McKenna, CEO of PMA, to William E. Adams, ILWU International President, dated July 1, 2022. Some of these Excluded Watchmen lost their lives to COVID-19 while working for Defendants.

///

///

SECOND AMENDED CLASS ACTION AND PAGA COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, RESTITUTION AND PENALTIES

(f) **Wage Statement (LC 226) Class** - All members of the San Francisco, Oakland, Los Angeles, and San Diego Sick Pay Classes, from November 28, 2022, until the violations are corrected.

(g) **Waiting Time Penalties (LC 201-203) Class** - All members of the San Francisco, Oakland, Los Angeles, and San Diego Sick Pay Classes, who stopped working for Defendants, from November 28, 2020, until the violations are corrected; and

(h) **LC 204 Class** - All members of the San Francisco, Oakland, Los Angeles, and San Diego Sick Pay Classes, from November 28, 2022, until the violations are corrected.

(i) **UCL (Unfair Competition Law) Class** - All employees who worked for one or more of the named Defendants in the State of California, for at least 30 hours, and at least 90 days, during the Relevant Time Period.

83.     Plaintiffs reserve the right to redefine the Classes, and to add subclasses as appropriate based on discovery and specific theories of liability.

84.     Members of the Classes will be referred to hereinafter as "Class Members."

85.     The prerequisites for class certification are met per California Code of Civil Procedure §382 and this action may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed classes are easily ascertainable:

(a)     <u>Numerosity</u>: The Class Members are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire class is unknown to Plaintiffs at this time; however, the Class is estimated to have thousands of Class Members, and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

(b)     <u>Common Questions of Law or Fact</u>:  There are common questions of law and fact as to Class Members that predominate over questions affecting only individual members, including, but not limited to:

i.     Whether Defendants, and each of them, violated the San Francisco Labor & Employment Code/Administrative Code, Oakland Municipal Code, Los Angeles Municipal Code, San Diego Municipal Code, California Labor Code, and California Business & Professions Code (Unfair Competition

Law), by failing to timely pay and account for all sick pay wages to Class Members during the Relevant Time Periods;

   ii.   Whether Defendants, and each of them, lacked a Sick Pay policy that provided Plaintiffs and Class Members with pay for hours and days they were out sick from work during the Relevant Time Period;

   iii.   Whether Defendants failed to keep true and accurate records for all sick pay wages earned by Class Members and whether the time records have all of the required information on them;

   iv.   Whether Defendants failed to pay at the time of termination to Plaintiffs and Class members all sick pay wages owed;

   v.   Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code §§17200, *et seq.*;

   vi.   Whether Defendants retaliated against Plaintiffs and Class members by excluding Watchmen from receipt of Pandemic Appreciation Payment wages due;

   vii.   Whether Defendants failed to comply with all wage reporting as required by California Labor Code §226(a);

   viii.   Whether Defendants failed to timely pay to Plaintiffs and Class Members all Pandemic Appreciation Pay due and owing;

   ix.   Whether Defendants failed to pay at the time of termination to Plaintiffs and Class Members all Pandemic Appreciation Pay due and owing; and

   x.   The nature and extent of class wide injuries and the appropriate amount of damages, restitution, monetary penalties, interest, waiting time penalties, and/or any other damages to be paid by Defendants.

(c)   <u>Typicality</u>: Plaintiffs' claims or defenses are typical of the claims of all Class Members, as demonstrated herein. Plaintiffs and all members of the classes sustained injuries and damages arising out of and caused by Defendants' common course of conduct, in violation of state and local laws, regulations and statutes as alleged herein.

(d)    <u>Adequacy of Representation</u>: Plaintiffs are qualified to, and will, fairly and adequately represent and protect the interests of each Class Member. Plaintiffs' attorneys, the proposed class counsel, are competent and experienced in litigation employment class actions, versed in the rules governing class action discovery, certification, and settlement.

(e)    <u>Superiority of Class Action</u>: The nature of this action makes the use of class action adjudication superior to other methods. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices. Although the relative damages suffered by individual Class Members may not be de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant to recover damages. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## **NO ERISA PREEMPTION**

86.     Employee Retirement Income Security Act of 1974 ("ERISA") does not apply to this case because Defendants have never had a sick pay policy, practice or plan. ERISA cannot apply to the absence of a plan.

87.     ERISA does not apply to this case because sick pay wages should be paid by Defendants as a Payroll Practice exempt from ERISA as it constitutes a "payment of an employee's normal compensation, out of the employer's general assets, on account of periods of time during which the employee is physically or mentally unable to perform his or her duties or is otherwise absent for medical reasons (such as pregnancy, a physical examination or psychiatric treatment)." 29 CFR §2510.3-1(b)(2). Defendants can easily offer sick pay to their employees, Plaintiffs and Class members, to be paid out of general assets, the same way Defendants pay other employee wages.

SECOND AMENDED CLASS ACTION AND PAGA COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, RESTITUTION AND PENALTIES

88.     Moreover, as a reflection of federal public policy, Defendants are also in violation of a federal Executive Order that compels Defendants to pay Plaintiffs and Class Members sick leave.  See Executive Order 13706 signed by President Barack Obama on September 7, 2015, 80 FR 54697. This Executive Order requires that **parties that enter into contracts with the federal government must provide employees** with up to seven days (56 hours) of **paid sick leave annually**, including paid leave allowing for family care. Plaintiffs and Class Members are informed and believe and thereon allege that Defendants have and had contracts with the federal government during the Relevant Time Period, prior to and as a result of the $1.2 trillion Infrastructure Investment and Jobs Act, signed into law by President Biden, which includes over $6.5 billion exclusively for Port programs and an additional $27 billion that Ports are eligible for over the next 5 years. Federal Funding for Ports (aapa-ports.org)

## LEGAL CLAIMS

### FIRST CLAIM
### Violation of California Labor Code §§2698, et seq.
### (California Labor Code Private Attorneys General Act of 2004 or "PAGA")
### (On Behalf of All PAGA Plaintiffs and all Aggrieved Employees
### and Against All Defendants and Does 1 through 100)

89.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 88, inclusive, as though set forth in full herein.

90.     Pursuant to PAGA, a civil action may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

91.     Plaintiffs and aggrieved employees are or have been employed by Defendants and worked 90 or more days for Defendants. During the Relevant Time Period, Plaintiffs and aggrieved employees had to take time off from work without pay for diagnosis, care or treatment of an existing health condition or preventive care for the employee or the employee's family member or designated person, or another reason set forth in California Labor Code §246.5.  For example, during the Relevant Time Period, Plaintiffs and Class members took time off work without pay for reasons that include but are not limited to:

- Injuries
- Fractures
- Colds, flu, and the like

- Muscle sprains and strains
- Surgeries
- Doctor visits
- Preventive care
- Dental care and problems
- Medical treatments
- Cancer treatments
- To care for an ill or injured family member

The alleged violations by Defendants were and are being committed against Plaintiffs during their employment. Plaintiffs are, therefore, "aggrieved employees" as defined by California Labor Code §2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations were committed against them.

92.    California Labor Code §§2698, *et seq*. permits Plaintiffs and other aggrieved employees to recover civil penalties for the violation(s) of the Labor Code sections enumerated in Labor Code §2699.5.

93.    Defendants' conduct, as alleged herein, violates numerous sections of the California Labor Code, including, but not limited to, the following:

(a)    Violation of Labor Code §§201, 202, and 203 for failure to timely pay all earned sick pay wages to Plaintiffs and other aggrieved employees upon discharge as herein alleged;

(b)    Violation of Labor Code §204 for failure to pay all earned sick pay wages owed to Plaintiffs and other aggrieved employees during their employment on designated dates;

(c)    Violation of Labor Code §210 for a penalty for violation of Labor Code §204 to Plaintiffs and other aggrieved employees during their employment;

(d)    Violation of Labor Code §216 for willful failure to pay sick pay wages due after demand;

(e)    Violation of Labor Code §225.5 for penalties for violation of Labor Code §216;

(f)    Violation of Labor Code §226(a) for failure to provide accurate wage statements to Plaintiffs and other aggrieved employees as herein alleged;

(g)    Violation of Labor Code §226.3 for penalties for violation of Labor Code §226(a);

(h)    Violation of Labor Code §226.6, a misdemeanor for violation of 226(a);

(i)     Violation of Labor Code §246 for failing to provide Plaintiffs and other aggrieved employees with legally mandated sick pay;

(j)     Violation of Labor Code §246(i) for failing to provide Plaintiffs and other aggrieved employees with legally mandated written notice of the amount of paid sick leave accrued and used on an itemized wage statement;[3]

(k)     Violation of Labor Code §246.5 for failing to provide Plaintiffs and other aggrieved employees with legally mandated paid sick days for the purposes of diagnosis, care, or treatment of an existing health condition of, or preventive care for, an employee or an employee's family member, or for an employee who is a victim of domestic violence, sexual assault, or stalking;

(l)     Violation of Labor Code §247 for failing to display posters informing Plaintiffs and other aggrieved employees of their rights to use sick pay;[4]

(m)     Violation of Labor Code §247.5 for failing to keep legally mandated records of Plaintiffs and other aggrieved employees' paid sick days accrued and used;[5]

(n)     Violation of Labor Code §248.5 for penalties for violation of §§245 – 249;

and possibly others.

---

[3] Per Labor Code §246(i): "An employer shall provide an employee with written notice that sets forth the amount of paid sick leave available…for use on either the employee's itemized wage statement described in [Labor Code] Section 226 or in a separate writing provided on the designated pay date with the employee's payment of wages."

[4] California Labor Code §247 provides in pertinent part:
    (a) In each workplace of the employer, the employer shall display a poster in a conspicuous place containing all the information specified in subdivision (b). The Labor Commissioner shall create a poster containing this information and make it available to employers.
    (b) The poster shall state all of the following:
        (1) An employee is entitled to accrue, request, and use paid sick days.
        (2) The amount of sick days provided for by this article.
        (3) The terms of use of paid sick days.
        (4) That retaliation or discrimination against an employee who requests paid sick days or uses paid sick days, or both, is prohibited and that an employee has the right under this article to file a complaint with the Labor Commissioner against an employer who retaliates or discriminates against the employee.
    (c) An employer who willfully violates the posting requirements of this section is subject to a civil penalty of not more than one hundred dollars **($100) per each offense.**

[5] California Labor Code §247.5 provides in pertinent part:
    "(a) **An employer shall keep for at least three years records documenting** the hours worked and **paid sick days accrued and used by an employee**, and shall allow the Labor Commissioner to access these records pursuant to the requirements set forth in [Labor Code] Section 1174. An employer shall make these records available to an employee in the same manner as described in [Labor Code] Section 226. **If an employer does not maintain adequate records pursuant to this section, <u>it shall be presumed that the employee is entitled to the maximum number of hours accruable</u> under this article**…"

94.     Defendants, at all times relevant to this Complaint, were employers or persons acting on behalf of an employer who violated Plaintiffs' and other aggrieved employees' rights by violating various sections of the California Labor Code as set forth above.  During Plaintiffs' employment with Defendants, Defendants never provided sick pay to Plaintiffs and other aggrieved employees, and never had a sick leave policy, practice or plan.  Defendants never notified Plaintiffs or other aggrieved employees of their rights to accrue, request, and use paid sick days, the amount of sick days they accrued and could use (one hour for every 30 hours worked), the terms of use of paid sick days, their rights to be free from retaliation or discrimination, and their rights to file a complaint for retaliation or discrimination. In fact, Defendants had no process by which employees could report or the employer could track sick days accrued or taken, and Defendants failed to keep the records required by Labor Code §247.5. Thus, **there is a presumption that Plaintiffs and other aggrieved employees are "entitled to the maximum number of hours accruable"** under the Labor Code.

95.     On August 2, 2023, and on July 16, 2024, Plaintiffs timely provided written notice of the specific provisions of the California Labor Code and City Ordinances on Sick Pay alleged to have been violated, including Los Angeles, San Francisco, Oakland and San Diego, with the facts and theories to support the alleged violations, to the LWDA and to Defendants, by certified mail, pursuant to California Labor Code §2699.3.  More than thirty-three (33) calendar days passed after Plaintiffs filed their notice and amended notice with the LWDA and sent their notice to Defendants, and Defendants have not informed Plaintiffs or their counsel that they intend to cure any of the violations.  More than sixty-five (65) calendar days passed after Plaintiffs filed their notices with the LWDA and sent their notices to Defendants, and the LWDA has not informed Plaintiffs that it intends to investigate Plaintiffs' claims.  Thus, Plaintiffs have satisfied the administrative prerequisites under California Labor Code §2699.3(a) to recover civil penalties and unpaid sick pay wages against Defendants, in addition to other remedies, for violations of California Labor Code §§2699, *et seq*., and they may pursue a civil action arising under PAGA as they met the requirements for doing so.

96.     Plaintiffs, on behalf of themselves, the State of California, and all other aggrieved employees, seek penalties and remedies set forth in Labor Code for the foregoing violations during the applicable time periods.  Pursuant to PAGA, and in particular California Labor Code §§2699(a), 2699.3, 2699.5, Plaintiffs, acting in the public interest as a private attorney general, seek assessment and civil

penalties for themselves, all other aggrieved employees, and the State of California against Defendants, in addition to other remedies, for violations of California Labor Code §§201, 202, 203, 204, 210, 216, 225.5, 226(a), 226.3, 226.6, 246, 246.5, 247, 247.5, 248.5, and possibly others. For just one of these violations, as Defendants have and continue to willfully violate the sick leave laws, they are subject to penalties per employee, per day, and continuing until the violations are corrected and Plaintiffs and other aggrieved employees are adequately compensated.

97.    Plaintiffs, on behalf of themselves and all other aggrieved employees, seek the following additional penalties and remedies against Defendants, per Labor Code §248.5(b) and (c):

(b)  (1) If the Labor Commissioner, in any administrative proceeding under subdivision (a), determines that a violation of this article has occurred, they may order any appropriate relief, including reinstatement, backpay, the payment of sick days unlawfully withheld, and **the payment of an additional sum in the form of an administrative penalty to an employee** or other person whose rights under this article were violated.

(2) If paid sick days were unlawfully withheld, the dollar amount of paid sick days withheld from the employee multiplied by three, or two hundred fifty dollars ($250), whichever amount is greater, but not to exceed an aggregate penalty of four thousand dollars **($4,000),** shall be included in the administrative **penalty**.

(3) If a violation of this article results in other harm to the employee or person, such as discharge from employment, or otherwise results in a violation of the rights of the employee or person, the administrative penalty shall include a sum of fifty dollars ($50) for each day or portion thereof that the violation occurred or continued, not to exceed an aggregate penalty of four thousand dollars **($4,000)**.

(c) Where prompt compliance by an employer is not forthcoming, the Labor Commissioner may take any appropriate enforcement action to secure compliance, including the filing of a civil action. In compensation to the state for the costs of investigating and remedying the violation, the commissioner may order the violating employer to pay to the state a sum of not more than fifty dollars **($50) for each day or portion of a day a violation occurs or continues for each employee** or other person whose rights under this article were violated.

98.    Further, Defendants are indisputably responsible for penalties set forth in Labor Code §248.5(e), which provides in pertinent part:

"The Labor Commissioner or the Attorney General may bring a civil action in a court of competent jurisdiction against the employer or other person violating this article and, upon prevailing, shall be entitled to collect legal or equitable relief on behalf of the aggrieved as may be appropriate to remedy the violation, including reinstatement, backpay, **[1] the payment of sick days unlawfully withheld, [2] the payment of an additional sum, not to exceed an aggregate penalty of four thousand dollars ($4,000), [3] as liquidated damages in the amount of fifty dollars ($50) to each employee** or person **whose rights** under this article **were**

**violated for each day or portion thereof that the violation occurred or continued, plus, [4] if the employer has unlawfully withheld paid sick days to an employee, the dollar amount of paid sick days withheld from the employee multiplied by three; or [5] two hundred fifty dollars ($250), whichever amount is greater**…**and [6]** further shall be awarded **reasonable attorney's fees and costs**…"

99.     Plaintiffs, on behalf of themselves and all other aggrieved employees, seek penalties and remedies from Defendants under Labor Code §226.3, which provides for civil penalties for violation of Labor Code §226(a) as follows:

Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law.

100.     Penalties as set forth in Labor Code §226.3 are due against Defendants because Defendants violated Labor Code §226(a). Defendants failed to keep the records required by Labor Code §226(a) as they have **no records** showing the sick pay wages earned, accrued and/or used by Plaintiffs and other aggrieved employees, failed to include earned and accrued sick pay on the itemized wage statements, and failed to pay aggrieved employees when they needed to take time off due to illness or for one of the enumerated reasons provided for in Labor Code §246.5.  The wage statements do not accurately reflect all: (1) gross wages earned, (2) total hours of sick pay earned by the employee, (4) all deductions for sick pay earned and used, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid…and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  Accordingly, Defendants are liable to Plaintiffs and all other aggrieved employees for the foregoing penalties during the applicable time periods.

101.     Plaintiffs also seek heightened penalties since the conduct of Defendants as set forth in this Second Amended Complaint was malicious, fraudulent, or oppressive, as set forth herein. Moreover, Defendants' violations of Labor Code provisions for timely payment of current or final wages were willful or intentional, and noncompliant wage statement violations were either knowing or intentional.

102.     Plaintiffs respectfully request that the Court declare, adjudge and decree that Defendants violated the California Labor Code sections enumerated above as to Plaintiffs and the aggrieved

1  employees and issue a mandatory injunction ordering Defendants to implement a sick pay plan for all of

2  its employees.

3      103.    Plaintiffs request civil penalties, costs and attorneys' fees, and other remedies for

4  violations of the California Labor Code sections, as set forth above, pursuant to California Labor Code

5  §§2699(a) and/or 2699(f) and (g), and any other applicable section.

6                                    **SECOND CLAIM**
                          **Violation of San Francisco Sick Pay Ordinance**

7      **(On Behalf of All Plaintiffs and San Francisco Sick Pay Class Members**
        **and Against All Defendants Who Do Business In the City of San Francisco**

8                             **and Does 1 through 100)**

9      104.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 103, inclusive, as

10  though set forth in full herein.

11      105.    Plaintiffs either worked for Defendants in the City of San Francisco for more than 90

12  days and/or they worked for one or more Defendants who employed Class Members in San Francisco

13  for more than 90 days.

14      106.    At all relevant times herein set forth, San Francisco Sick Leave Ordinance, SF

15  Administrative Code, formerly Chapter 12W, *et seq*., redesignated as Labor and Employment

16  Code Article 11, were applicable to Plaintiffs' and San Francisco Sick Pay Class members' employment

17  with Defendants.

18      107.    Similar to the state law, California Labor Code §§246, *et seq*., San Francisco

19  Administrative Code and now Labor and Employment Code provides that employees working in the

20  City of San Francisco earn one hour of paid sick leave for every 30 hours worked.

21      108.    San Francisco Labor & Employment Code §11.8 provides remedies and penalties for

22  violation of SF sick pay law, among others, which provides in pertinent part:

23      "(b) If any paid sick leave was unlawfully withheld, the dollar amount of paid sick leave
        withheld from the employee multiplied by three, or $250.00, whichever amount is greater, shall
24      be **included in the administrative penalty paid to the employee**. In addition, if a violation of
        this Article resulted in other harm to the employee or any other person, such as discharge from
25      employment, or otherwise violated the rights of employees or other persons, such as a failure to
        post the notice required by Section 11.5(b), or an act of retaliation prohibited by Section 11.7,
26      **this administrative penalty shall also include $50.00 to each employee** or person whose rights
        under this Article were violated for each day or portion thereof that the violation occurred or
27      continued.

28

(c)  **Civil Enforcement.** The Agency, the City Attorney, **any person aggrieved by a violation of this Article,** any entity a member of which is aggrieved by a violation of this Article, **or any other person or entity acting on behalf of the public as provided for under applicable State law, may bring a civil action** in a court of competent jurisdiction against the employer or other person violating this Article and, upon prevailing, shall be entitled to such legal or equitable relief as may be appropriate to remedy the violation including, but not limited to, reinstatement, back pay, the payment of any sick leave unlawfully withheld, the payment of an additional sum as liquidated damages in the amount of **$50.00 to each employee** or person whose rights under this Article were violated **for each hour** or portion thereof that the violation occurred or continued, plus, where the employer has unlawfully withheld paid sick leave to an employee, the dollar amount of **paid sick leave withheld from the employee multiplied by three**; or $250.00, whichever amount is greater; and reinstatement in employment and/or injunctive relief; and, further, shall be awarded reasonable attorneys' fees and costs…

 (d)  **Interest.** In any administrative or civil action brought under this Article, the Agency or court, as the case may be, shall award interest on all amounts due and unpaid at the rate of interest specified in subdivision (b) of Section 3289 of the California Civil Code.

(e)  **Remedies Cumulative.** The remedies, penalties, and procedures provided under this Article are cumulative.

109.    During the Relevant Time Period, Plaintiffs and other similarly situated employees were absent from work for their own illness or injury or for the purpose of receiving medical care, treatment, or diagnosis, or to aid or care for a family member or designated person who was ill or injured or receiving medical care, treatment, or diagnosis, as specified more fully in California Labor Code §233(b)(4) and §§11.2(e) and 11.4 of the San Francisco Labor and Employment Code.

110.    Plaintiffs, on behalf of themselves and all other similarly situated employees, seek wages, penalties and remedies for the foregoing violations during the applicable time periods.

111.    Defendants' conduct intentionally violates California Labor Code §§246, *et seq*., San Francisco Labor and Employment Code, §§11, *et seq*., and related Labor Code sections.

112.    Pursuant to San Francisco Labor and Employment Code, and any other applicable section or statute, Plaintiffs and Class Members are entitled to recover from Defendants and seek from Defendants:

a.   one (1) hour of sick pay at the employee's regular hourly rate of compensation for each 30 hours worked during the Relevant Time Period;

b.   3 times the sick pay amount owed;

c.  **$50.00 to each employee** or person whose rights were violated for each day or portion thereof that the violation occurred or continued;

d.  an additional sum as liquidated damages in the amount of **$50.00 to each employee** or person whose rights were violated **for each hour** or portion thereof that the violation occurred or continued;

e.  interest;

f.  injunctive relief;

g.  reasonable attorneys' fees and costs;

h.  any other appropriate relief.

## THIRD CLAIM
### Violation of Oakland Municipal Code §§5.92, *et seq*.
### (On Behalf of All Plaintiffs and Oakland Sick Pay Class Members and Against All Defendants Who Do Business In Oakland and Does 1 through 100)

113.  Plaintiffs reallege and incorporate by reference paragraphs 1 through 112, inclusive, as though set forth in full herein.

114.  Plaintiffs either worked for Defendants in the City of Oakland for more than 90 days and/or they worked for one or more Defendants who employed Class Members in Oakland for more than 90 days.

115.  At all relevant times herein set forth, Oakland Municipal Code §§5.92, *et seq*. was applicable to Plaintiffs' and Oakland Sick Pay Class members' employment with Defendants.

116.  Similar to the state law, California Labor Code §§246, *et seq*., Oakland Municipal Code §§5.92, *et seq*., provides that employees working in the City of Oakland earn one hour of paid sick leave for every 30 hours worked.

117.  Oakland Municipal Code §5.92.030(G)(3) provides remedies and penalties for violation of Oakland Municipal Code, among others, which provides in pertinent part:

**Civil Enforcement.** …[A]ny person aggrieved by a violation of this Chapter, any entity a member of which is aggrieved by a violation of this Chapter**,** or any other person or entity acting on behalf of the public as provided for under applicable state law, may bring a civil action in a court of competent jurisdiction against the employer or other person violating this Chapter and, **upon prevailing, shall be entitled to all remedies available** to remedy any violation of this Chapter, including but not limited to back pay, reinstatement and/or injunctive relief, and the payment of an additional sum as penalty in the amount of fifty dollars **($50.00) to each employee** or person whose rights under this Chapter were violated **for each day that**

the violation occurred or continued, up to a maximum of one thousand dollars ($1,000.00) per employee or aggrieved person. Violations of this Chapter are declared to irreparably harm the public and covered employees generally. The court shall **award reasonable attorney's fees, witness fees and expenses** to any plaintiff who prevails in an action to enforce this Chapter…

…**H. Interest**. In any administrative or civil action brought for the non-payment of wages or service charge distributions under this Chapter, the City or court, as the case may be, shall award interest on all due and unpaid sums at the rate of interest specified in subdivision (b) of Section 3289 of the California Civil Code, which shall accrue from the date the sums were due and payable, as provided in Part 1 (commencing with Section 200) of Division 2 of the California Labor Code, to the date the sums are paid in full.

118. During the Relevant Time Period, Plaintiffs and other similarly situated employees were absent from work for their own illness or injury or for the purpose of receiving medical care, treatment, or diagnosis, or to aid or care for a family member or designated person who was ill or injured or receiving medical care, treatment, or diagnosis, as specified more fully in California Labor Code §233(b)(4) and §5.92.030 of the Oakland Municipal Code.

119. Plaintiffs, on behalf of themselves and all other similarly situated employees, seek wages, penalties and remedies for the foregoing violations during the applicable time periods.

120. Defendants' conduct intentionally violates California Labor Code §§246, *et seq*., Oakland Municipal Code §§5.92*, et seq*., and related Labor Code sections.

121. Pursuant to Oakland Municipal Code §§5.92.030, and any other applicable section or statute, Plaintiffs and Class Members are entitled to recover from Defendants:

    a. one (1) hour of sick pay at the employee's regular hourly rate of compensation for each 30 hours worked during the Relevant Time Period;

    b. back pay;

    c. injunctive relief;

    d. an additional sum as penalty in the amount of fifty dollars ($50.00) to each employee or person whose rights under this Chapter were violated for each day that the violation occurred or continued, up to a maximum of one thousand dollars ($1,000.00) per employee or aggrieved person;

    e. interest;

    f. reasonable attorney's fees, witness fees and expenses;

SECOND AMENDED CLASS ACTION AND PAGA COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, RESTITUTION AND PENALTIES

g.   any other appropriate relief.

## FOURTH CLAIM
### Violation of Los Angeles Municipal Code §§187.00, et seq.
### (On Behalf of All Plaintiffs and Los Angeles Sick Pay Class Members
### and Against All Defendants Who Do Business In the City of Los Angeles and Does 1 through 100)

122.   Plaintiffs reallege and incorporate by reference paragraphs 1 through 121, inclusive, as though set forth in full herein.

123.   Plaintiffs either worked for Defendants in the City of Los Angeles for more than 90 days and/or they worked for one or more Defendants who employed Class Members in Los Angeles for more than 90 days.

124.   At all relevant times herein set forth, Los Angeles Municipal Code §§187.00, *et seq.,* including but not limited to Los Angeles Municipal Code §§187.04 and 188.07 were applicable to Plaintiffs' and Los Angeles Sick Pay Class members' employment with Defendants.

125.   Los Angeles Municipal Code §187.04 provides that employees working in the City of Los Angeles earn one hour of paid sick leave for every 30 hours worked.

126.   Los Angeles Municipal Code §188.07 provides remedies and penalties for violation of Los Angeles Municipal Code §187.04, among others, which provides in pertinent part:

> A.   **Civil Enforcement Action by Employee, City or Third Parties.** Any Employee aggrieved by a violation of the Minimum Wage Ordinance…or this article, the City Attorney, any other person or entity acting on behalf of the public as provided for under applicable state law, may bring a civil action in a court of competent jurisdiction against the Employer. An Employee or the City, upon prevailing, shall be entitled to such legal or equitable relief as may be appropriate to remedy the violation, including, without limitation, the payment of any minimum wages and Sick Time Benefits unlawfully withheld, **the payment of penalties in the amount of up to $120 to each Employee** whose rights under this article were violated **for each day that the violation occurred or continued,** reinstatement in employment and/or **injunctive relief, and shall be awarded reasonable attorneys' fees and costs.**

127.   During the Relevant Time Period, Plaintiffs and aggrieved employees were absent from work for diagnosis, care or treatment of an existing health condition or preventive care for the employee or the employee's family member or designated person, or another reason set forth in California Labor Code §246.5, 246.5(a) and 245.5(c), or for diagnosis, care or treatment of an existing health condition or preventive care of any individual related by blood or affinity whose close association with the employee is the equivalent of a family relationship. Los Angeles Municipal Code, §187.04.

128.    Plaintiffs, on behalf of themselves and all other similarly situated employees, seek wages, penalties and remedies for the foregoing violations during the applicable time periods.

129.    Defendants' conduct intentionally violates California Labor Code §§246, *et seq*., Los Angeles Municipal Code §§187.00, *et seq*., and related Labor Code sections.

130.    Pursuant to Los Angeles Municipal Code §§187.04 and 188.07, and any other applicable section or statute, Plaintiffs and Class Members are entitled to recover from Defendants:

   a.   one (1) hour of sick pay at the employee's regular hourly rate of compensation for each 30 hours worked during the Relevant Time Period;

   b.   penalties in the amount of $120 per day for each of the Plaintiffs and Class Members during the time that the violation has occurred;

   c.   interest;

   d.   reasonable attorneys' fees, costs and other expense arising out of Defendants' wrongful acts herein alleged;

   e.   any other appropriate relief.

### FIFTH CLAIM
### Violation of San Diego Municipal Code §§39.0101, et seq.
**(On Behalf of All Plaintiffs and San Diego Sick Pay Class Members
and Against All Defendants Who Do Business In the City of San Diego, and Does 1 through 100)**

131.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 130, inclusive, as though set forth in full herein.

132.    Plaintiffs either worked for Defendants in the City of San Diego for more than 90 days and/or they worked for one or more Defendants who employed Class Members in San Diego for more than 90 days.

133.    At all relevant times herein set forth, San Diego Municipal Code §§39.0101, *et seq.,* were applicable to Plaintiffs' and San Diego Sick Pay Class members' employment with Defendants.

134.    San Diego Municipal Code §§39.0105(b) provides that employees working in the City of San Diego earn one hour of paid sick leave for every 30 hours worked.

135.    San Diego Municipal Code §§39.0112, provides remedies and penalties for violation of San Diego's sick pay law:

SECOND AMENDED CLASS ACTION AND PAGA COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, RESTITUTION AND PENALTIES

(b) Any person claiming harm from a violation of this Division, including an Employee and the City, is entitled to all legal and equitable relief to remedy any violation of this Division, including, but not limited to, the payment to an Employee of back wages withheld in violation of this Division; damages for an Employer's denial of the use of accrued Earned Sick Leave in violation of this Division, payable to an Employee; reinstatement of employment or other injunctive relief; reasonable attorneys' fees and costs to any plaintiff who prevails in an action to enforce this Division; and payment of liquidated damages to an Employee equal to **double back wages withheld**, except as otherwise provided in this subsection. When an Employer engages in Retaliation against an Employee, the Employer is subject to liquidated damages that are the greater of double back wages or $1,000 for each violation not resulting in termination of employment, and the greater of double back wages or $3,000 when an Employee is terminated from employment for exercising any right provided by this Division. Violations of this Division are declared to irreparably harm the public and covered Employees generally.

(c) Any Employer who violates any requirement of this Division is also subject to a **civil penalty, assessed and payable to the City, of no less than $500, but no more than $1,000 per violation, except as otherwise provided in this subsection**. Each and every day that an Employer fails to pay an Employee Minimum Wage or fails to provide an Employee with Earned Sick Leave constitutes a separate and distinct violation. Any Employer who fails to comply with the notice and posting requirements of this Division is subject to a **civil penalty of $500 for each Employee who was not given appropriate notice pursuant to that section, up to a maximum of $2,000**. Any Employer who engages in **Retaliation** against an Employee for exercising any right provided by this Division is subject to a **civil penalty of no less than $1,000, but no more than $3,000 per violation**.

136.     During the Relevant Time Period, Plaintiffs and similarly situated employees were absent from work because:

    (1)     The Employee is physically or mentally unable to perform his or her duties due to illness, injury, or a medical condition of the Employee.

    (2)     The Employee's absence is for the purpose of obtaining professional diagnosis or treatment for a medical condition of the Employee.

    (3)     The Employee's absence is for other medical reasons of the Employee, such as pregnancy or obtaining a physical examination.

    (4)     The Employee is providing care or assistance to a Family Member, with an illness, injury, or medical condition, including assistance in obtaining professional diagnosis or treatment of a medical condition.

    (5)     The Employee's absence is for the Employee's use of Safe Time (as defined in San Diego Municipal Code, §39.0104).

    (6)     The Employee's place of business is closed by order of a public official due to a Public Health Emergency, or the Employee is providing care or assistance to a Child, whose school or child care provider is closed by order of a public official due to a Public Health Emergency.

San Diego Municipal Code, §39.0106.

137.    Plaintiffs, on behalf of themselves and all other similarly situated employees, seek wages, penalties and remedies for the foregoing violations during the applicable time periods.

138.    Defendants' conduct intentionally violates California Labor Code §§246, *et seq*., San Diego Municipal Code §§39.0101, *et seq.,* and related Labor Code sections.

139.    Pursuant to San Diego Municipal Code §§39.0112, and any other applicable section or statute, Plaintiffs and Class Members are entitled to recover from Defendants:

    a.  one (1) hour of sick pay at the employee's regular hourly rate of compensation for each 30 hours worked during the Relevant Time Period

    b.  injunctive relief;

    c.  interest;

    d.  reasonable attorneys' fees and costs;

    e.  payment of liquidated damages to an Employee equal to **double back wages withheld**;

    f.  a civil penalty, assessed and payable to the City, of no less than $500, but no more than $1,000 per violation. Each and every day that an Employer fails to provide an Employee with Earned Sick Leave constitutes a separate and distinct violation; and

    g.  Any Employer who fails to comply with the notice and posting requirements of this Division is subject to a civil penalty of $500 for each Employee who was not given appropriate notice pursuant to that section, up to a maximum of $2,000;

    h.  Any other appropriate relief.

**SIXTH CLAIM**
**Retaliation in Violation of Labor Code §§1102.5, 98.6**
**and Los Angeles Municipal Code §187.06**
**(On Behalf of Plaintiffs HILL, STEWART, R. JOHNSON, and Excluded Watchmen**
**and Against All Defendants and Does 1 through 100)**

140.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 139, inclusive, as though set forth in full herein.

141.    California Labor Code §1102.5 provides in pertinent part:

"(b)  An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the

35

employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

142.    Labor Code §1102.5(f) provides, "In addition to other penalties, an employer that is a corporation or limited liability company is liable for a civil penalty not exceeding ten thousand dollars ($10,000) for each violation of this section."

143.    California Labor Code §98.6 provides in pertinent part:

"(a)    A person shall not…in any manner discriminate, retaliate, or take any adverse action against any employee…because the employee…has filed a bona fide complaint or claim or instituted or caused to be instituted any proceeding under or relating to his or her rights that are under the jurisdiction of the Labor Commissioner, made a written or oral complaint that he or she is owed unpaid wages, or because the employee has initiated any action or notice pursuant to Section 2699, or has testified or is about to testify in a proceeding pursuant to that section, or because of the exercise by the employee…on behalf of himself, herself, or others of any rights afforded him or her.

(b) (1)    Any employee who is…retaliated against, subjected to an adverse action, or in any other manner discriminated against in the terms and conditions of his or her employment…because the employee has made a bona fide complaint or claim to the division pursuant to this part, or because the employee has initiated any action or notice pursuant to Section 2699 shall be entitled to…reimbursement for lost wages and work benefits caused by those acts of the employer…

    (3)    In addition to other remedies available, an employer who violates this section is liable for a civil penalty not exceeding ten thousand dollars ($10,000) per employee for each violation of this section, to be awarded to the employee or employees who suffered the violation."

144.    Los Angeles Municipal Code §187.06 states:

No Employer shall discharge, reduce in compensation or otherwise discriminate against any Employee for opposing any practice proscribed by this article, for requesting to use paid sick leave or actually using paid sick leave, for participating in proceedings related to this article, for seeking to enforce the Employee's rights under this article by any lawful means, or for otherwise asserting rights under this article.

145.    Los Angeles Municipal Code ("LAMC") provides the penalties for retaliation against an employee for exercising rights under the Sick Pay law is:

- For retaliatory action by the Employer, the Employee shall be entitled to reinstatement and a trebling of all wages, Sick Time Benefits, and penalties owed, payable to the Employee. LAMC §188.07(B)(1).

- Up to $50 per day that Sick Time Benefits were unlawfully withheld from an Employee, up to the date they are paid in full, payable to the City; LAMC §188.08 and

- up to $1,000 per employee, payable to the City. LAMC §188.08

146.     Beginning in about 2020, and continuing through 2023, Plaintiffs who were Watchmen and about 200-300 other similarly situated employees filed complaints with the California Labor Commissioner, Division of Labor Standards Enforcement, seeking unpaid sick wages and penalties from Defendants, each of which was served on Defendants who employed the Watchmen.  Defendants have failed and refused to respond to the Complaints, have failed and refused to implement a sick pay policy or practice, have failed and refused to provide notice to employees of their right to sick pay, and have failed and refused to compensate Plaintiffs and other similarly situated employees for the sick pay wages and penalties they are owed.

147.     In July 2022, Plaintiffs' counsel sent a letter to a number of Defendants advising them they were violating the law by failing to pay Plaintiffs sick pay wages and asking Defendants to compensate employees for the sick pay wages and penalties owed.  Defendants failed and refused to respond to the contentions in Plaintiffs' counsel's letter, have continually failed and refused to implement a sick pay policy or practice for the benefit of Plaintiffs and other similarly situated employees, have failed and refused to provide notice to employees of their right to sick pay, and have failed and refused to compensate Plaintiffs and other similarly situated employees for the sick pay wages and penalties they are owed.

148.     Rather than implementing a sick pay policy and compensating employees properly for the past and continuing wrongs, in about July 2022, in June 2023, and November 2023, Defendants, through their agent Defendant PMA, willfully and wrongfully made a retaliatory decision, reinforced the retaliatory decision, and carried out the retaliatory decision to deprive Plaintiffs and other Watchmen employees of $70 million in Pandemic Appreciation Pay that Defendants agreed to divide among employees for the risks that these essential workers took by continuing to work during the COVID-19 Pandemic. Defendants intentionally and explicitly excluded "Watchmen" in retaliation for hundreds of

Watchmen filing Complaints with the California Labor Commissioner against them, despite the fact these Watchmen worked during the COVID-19 Pandemic. Defendants also excluded Watchmen from this Pandemic Appreciation Pay to discourage others from filing Labor Commission complaints against Defendants for sick pay wages and penalties, and/or in anticipation that others will be filing complaints with the Labor Commission for these unpaid wages, "because the employer believe[d] that the employee disclosed or may disclose information, to a government or law enforcement agency,…" Plaintiffs and Class Members had "reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation." Labor Code §1102.5(b); *see also*, Labor Code §98.6, City Sick Pay Ordinances in Los Angeles, San Francisco, Oakland and San Diego.  Defendants and each of them are liable for the wrongful conduct alleged herein by their own actions, omissions, or by the actions of Defendant PMA, their agent, which they ratified.

149.    Defendants cannot show by "clear and convincing evidence" that Defendants would have refused to pay Plaintiffs Hill, Stewart, R. Johnson, and the Excluded Watchmen the Pandemic Appreciation Pay for legitimate and independent reasons.

150.    Pursuant to Labor Code §§1102.5 and 98.6, and LAMC §§187.06-188.08, Defendants are liable to Plaintiffs Hill, Stewart, R. Johnson, and the Excluded Watchmen for the Pandemic Appreciation Pay and the civil penalties set forth in Labor Code §§1102.5(f) and 98.6(3).

151.    The above said acts of Defendants constituted Violation Labor Code §§1102.5 and 98.6, and LAMC §§187.06-188.08, and were a proximate cause in Plaintiffs' damage as stated above.

152.    Pursuant to Labor Code §1102.5(j), LAMC, and any other applicable section or statute, Defendants are liable for Plaintiffs' attorneys' fees, arising out of Defendants' wrongful acts herein alleged.

153.    Because the acts and omissions taken toward Plaintiffs and other similarly situated employees were carried out by managerial employee(s) acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiffs' and similarly situated employees' rights and in order to injure and damage them, Plaintiffs request that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this court.

///

1

2

3

**SEVENTH CLAIM**
**Violation of California Labor Code §226 (Non-Compliant Wage Statements)**
**(On Behalf of All Plaintiffs and Wage Statement Class Members**
**and Against All Defendants and Does 1 through 100)**

4

5

154.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 153, inclusive, as though set forth in full herein.

6

7

8

9

10

11

12

13

155.    At all material times set forth herein, California Labor Code §226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing, including (1) gross wages earned, (2) total hours worked by the employee…(4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employer identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, among other things.

14

15

16

17

18

19

156.    Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements. Defendants knew they were violating sick pay laws as they never provided sick pay to Plaintiffs, aggrieved employees and similarly situated employees, in violation of law. Plaintiffs are informed and believe, and thereon allege, that the deficiencies include, among other things, failing to state: the accurate gross sick pay wages earned, all applicable hourly rates in effect during the pay period, the corresponding number of hours accrued in sick pay at each hourly rate by the employee, applicable deductions, the accurate net wages earned, and possibly others.

20

21

22

23

24

25

26

27

28

157.    As a result of Defendants' violation of California Labor Code §226(a), Plaintiffs and Class Members have suffered injury and damage to their statutorily protected rights.  Specifically, Plaintiffs and Class Members have been injured by Defendants' knowing and intentional violation of California Labor Code §226(a) because they were denied both their legal right to receive, and their protected interest in receiving complete, accurate, and itemized wage statements as required by California Labor Code §226(a), which would have permitted them to verify, solely from information on the wage statements themselves, the accurate sick pay gross wages earned, all applicable hourly rates in effect during the pay period, the corresponding number of hours accrued in sick pay at each hourly rate by the employee, applicable deductions, the accurate net wages earned, and that they were paid correctly

and in full. In addition, because Defendants failed to provide the accurate gross wages earned on wage statements, Plaintiffs and Class Members have been prevented by Defendants from determining if the accurate sick pay gross wages earned were accounted for and paid, and the extent of the underpayment. Plaintiffs had to file this lawsuit, will have to conduct discovery, reconstruct time records, and perform computations in order to analyze the extent of the underpayment to Plaintiffs and Class Members, all which come at great expense to Plaintiffs and their counsel in terms of both time and money. Plaintiffs would not have had to expend such effort and cost in filing this Complaint had Defendants kept proper records and provided proper sick pay wages and the Pandemic Appreciation Payment in their stead.

158.  Plaintiffs and class members are entitled to recover from Defendants the greater of: their actual damages caused by Defendants' failure to comply with California Labor Code §226(a), or an aggregate penalty of four thousand dollars ($4,000) per employee. Plaintiffs, on behalf of themselves and all other Class Members, seek penalties and remedies from Defendants under Labor Code §226(e) and (h):

(e)(1) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

(2) (A) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement.

(B) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:

(i)     The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a)…

(h)  An employee may also bring an action for injunctive relief to ensure compliance with this section, and is **entitled to an award of costs and reasonable attorney's fees**.

159.  Defendants' failure to provide proper wage statements was knowing and intentional in that Defendants were on notice of their violations for several years preceding the filing of this case. In

that time, employees' representatives had asked Defendants to provide employees with sick pay wages but Defendants refused, Defendants received hundreds of wage claims for sick pay from their employees filed with the California Labor Commission, and Defendants received a letter from Plaintiffs' counsel to this effect. Thus, Defendants knew or should have known they were violating laws requiring Defendants to provide sick pay to their employees, violating laws requiring Defendants to provide notice of the employees' legal right to sick pay, and violating laws requiring Defendants to provide an accounting of the sick pay earned on employee paystubs.

160.    Pursuant to Labor Code §226(h), and any other applicable section, Plaintiffs and other Class Members bring this action to obtain injunctive relief to ensure Defendants comply with Labor Code §226.

161.    Pursuant to Labor Code §226(h), and any other applicable section, Defendants are liable for the Plaintiffs' and other Class Members' attorneys' fees, costs and other expense arising out of Defendants' wrongful acts herein alleged.

### EIGHTH CLAIM
### Violation of California Labor Code §§201-203
### (Wages Not Timely Paid Upon Termination)
### (On Behalf of Plaintiffs Seals, Williams, Green, Jr. and LC 201-203 Class Members and Against All Defendants and Does 1 through 100)

162.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 161, inclusive, as though set forth in full herein.

163.    At all times herein set forth, California Labor Code §201 provides that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. California Labor Code §202 provides that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

164.    This cause of action is derivative of and wholly dependent upon the wage claims set forth for unpaid wages for sick leave that Defendants never paid to Plaintiffs and similarly situated employees, even upon termination, which Defendants failed to provide to Plaintiffs during their employment when they were absent for a qualifying reason.

165.    Defendants knew or should have known that they were violating various laws by failing to provide Plaintiffs and similarly situated employees with sick pay during their employment in that Defendants were on notice of their violations for several years preceding the filing of this case. In that time, employees' representatives had asked Defendants to provide employees with sick pay wages but Defendants refused, Defendants received hundreds of wage claims for sick pay from their employees filed with the California Labor Commission, and Defendants received a letter from Plaintiffs' counsel to this effect. Thus, Defendants knew or should have known they were violating laws requiring Defendants to provide sick pay to their employees, violating laws requiring Defendants to provide notice of the employees' legal right to sick pay, violating laws requiring Defendants to provide an accounting of the sick pay earned on employee paystubs, and violating laws requiring Defendants to pay all wages due and owing at the time of termination (or within 72 hours thereafter).

166.    During the Relevant Time Period, Defendants willfully failed to pay Plaintiffs and LC 201-203 Class members who are no longer employed by Defendants the earned and unpaid sick pay wages for Plaintiffs' and Class Members' absences for qualifying reasons during their employment, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

167.    Defendants' failure to pay sick pay wages to Plaintiffs and those LC 201-203 Class Members who are no longer employed by Defendants during their employment, no later than the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code §§201 and 202.

168.    California Labor Code §203 provides that if an employer willfully fails to pay wages owed, in accordance with §§201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced.

169.    Plaintiffs and LC 201-203 Class Members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, at their regular hourly rate of pay, pursuant to California Labor Code §203.

///

///

///

///

1

**NINTH CLAIM**
**Violation of California Labor Code §204**
**(Wages Not Timely Paid)**
**(On Behalf of All Plaintiffs and LC 204 Class Members**
**and Against All Defendants and Does 1 through 100)**

170.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 169, inclusive, as though set forth in full herein.

171.    This cause of action is derivative of and wholly dependent upon the wage claims set forth for unpaid sick pay wages that remained unpaid.

172.    At all times herein set forth, California Labor Code §204 required that "all wages… earned by any person in any employment…between the 1st and the 15th days, inclusive, of any calendar month, shall be paid between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and the 10th day of the following month." Labor Code §204(a).  This section also required that "all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period." Labor Code §204(b)(1).

173.    During the Relevant Time Period, Defendants willfully failed to timely pay Plaintiffs and other similarly situated employees all sick pay wages due to them, on a weekly basis, or within the time periods specified by Labor Code §204. In fact, Defendants failed to pay any sick pay wages to Plaintiffs and other similarly situated employees. Defendants regularly paid Plaintiffs other wages once a week.

174.    Plaintiffs and LC 204 Class Members are entitled to recover from Defendants the penalties set forth in Labor Code §210, including but not limited to an initial violation penalty of $100 per employee for each pay period that Defendants failed to timely pay the sick pay wages, and "[f]or each subsequent violation, or any willful or intentional violation, $200 for each failure to pay each employee, plus 25% of the amount unlawfully withheld." Labor Code §210(a)(1), (2).

**TENTH CLAIM**
**Violation of California Business & Professions Code §§17200, *et seq.***
**Unfair Competition Law**
**(On Behalf of All Plaintiffs and UCL Class Members**
**and Against All Defendants, and Does 1 through 100)**

175.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 174, inclusive, as though set forth in full herein.

176.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiffs, Class Members, and to the general public. Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure §1021.5.

177.     Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§17200, *et seq.,* the Unfair Competition Law ("UCL").

178.     A violation of the UCL may be predicated on the violation of any state or federal law. In the instant case, Defendants' policies and practices have violated state law in at least the following respects:

(a)     Failing to give notice and/or provide sick pay to Plaintiffs and Class Members in violation of California Labor Code §§246, *et seq.,* Los Angeles Municipal Code §§187.00 *et seq*., San Francisco Sick Leave Ordinance, SF Administrative Code, Chapter 12W, *et seq.*, redesignated as Labor and Employment Code Article 11*,* Oakland Municipal Code §§5.92, *et seq*., San Diego Municipal Code §§39.0101, *et seq*., and other similar local sick leave ordinances;

(b)     Failing to timely pay all earned sick pay wages to Plaintiffs and Class Members in violation of California Labor Code §§201-204.

(c)     Failing to account for all accrued and unused sick pay on Plaintiffs' and Class Members' pay stubs in violation of California Labor Code §§246, *et seq.,* Los Angeles Municipal Code §§187.00 *et seq*., San Francisco Sick Leave Ordinance, SF Administrative Code, Chapter 12W, *et seq.*, redesignated as Labor and Employment Code Article 11*,* Oakland Municipal Code §§5.92, *et seq*., San Diego Municipal Code §§39.0101, *et seq*., and other similar local sick leave ordinances;

(d)     Failing to pay all Watchmen the Pandemic Appreciation Pay benefit.

179.     Under this UCL Claim, Plaintiffs and Class Members seek equitable restitution for all unpaid sick time wages for all hours they had to take off without pay due to reasons that should have qualified them to receive sick pay if Defendants had such a policy in place, during the Relevant Time Period, plus prejudgment interest from the day such amounts were due and payable. Further, under this

UCL Claim, Plaintiffs and Class Members seek restitution for all earned and accrued sick time wages which should have been listed on their pay stubs. *See*, Labor Code §248.5(e); *Wood v. Kaiser Foundation Hospitals* (2023) 88 Cal. App. 5th 742, 764 (California Court of Appeal held private plaintiffs can seek relief based on sick leave violations under the UCL). The legal remedies are inadequate. While under California Labor Code §248.5, the Labor Commissioner is supposed to enforce violations of the Healthy Workplaces, Healthy Families Act, the Sick Pay law, that has not happened. Over more than the past 4 years, Plaintiffs and other aggrieved and similarly situated employees have filed ***hundreds of* complaints** with the California Labor Commissioner **against Defendants** seeking unpaid sick wages and penalties.  To date, although ***4 years has passed*** on some of the claims, and up to 4 years on the others, **the California Labor Commissioner has not held a single hearing on these claims,** likely due to their lack of resources to handle legal claims.  Audit says CA Labor Commissioner's office suffering 47,000 case backlog (kcra.com) Per the foregoing article from May 29, 2024:

> The California Labor Commissioner's office is severely backlogged and violating state statutes in its investigations of wage theft, according to a state audit released Wednesday… The results [of the audit] showed that not only was there a massive backlog in investigations but the [Labor Commissioner's] Office was severely under-staffed and had a lack of training of its investigators and workers in the LCO offices.

> …Senator Steve Glazer sent out a statement criticizing the LCO that read:

> "The California State Auditor's report makes clear that our **State Labor Commissioner is a toothless enforcer of our wage theft laws**. This **deeply troubling** assessment exposes a system that has **fundamentally failed the workers it is supposed to protect**. According to the auditor, there is a **backlog of 47,000 claims registered on June 30, 2023**. This is a state embarrassment and a stain on the department that workers depend on for justice."

> He adds that the lack of enforcement **emboldens companies to exploit workers**.

Further, despite Plaintiffs' counsel's requests, neither the Labor Commissioner nor the Attorney General have filed an enforcement action against Defendants under Labor Code §246. Thus, this UCL Claim in this case offers a more prompt and certain remedy, and a regulatory action against Defendants has faced impediments in that none has been commenced. See, *Lingle v. Centimark Corporation*, 2023 WL 2976376, *11-12 (E.D. Cal. April 14, 2023).

///

SECOND AMENDED CLASS ACTION AND PAGA COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, RESTITUTION AND PENALTIES

180.    Pursuant to California Business & Professions Code §§17200 *et seq.*, Plaintiffs and Class Members are entitled to restitution of the sick pay wages withheld and retained by Defendants during a period that commences four years prior to the filing of the Complaint in this action until the date of the ultimate disposition of this action or until the date Defendants correct all of the violations alleged herein.

181.    Pursuant to California Business & Professions Code §17203, Plaintiffs and Class Members seek a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiffs and Class Members; a mandatory injunction requiring Defendants to implement a sick pay policy for all of its employees and account for all earned and accrued sick pay on Plaintiffs and Class Members' pay stubs, in accordance with California and local laws; and a mandatory injunction to compel Defendants to pay to all Watchmen the Pandemic Appreciation Pay benefit in the amount that other employees received.

182.    Pursuant to California Code of Civil Procedure §1021.5 and other applicable laws, Plaintiffs and Class Members seek an award of attorneys' fees, costs, and any other appropriate relief.

## **PRAYER FOR RELIEF**

183.    Plaintiffs, on behalf of all other aggrieved employees and on behalf of all similarly situated employees, pray for:

### **Class Certification**

1.    That this case be certified as a class action;

2.    That Plaintiffs Pamela Hill, Jeri Stewart, Rhonda Johnson, Shyraun Ruffin, Sheila Seals, La Tina Blackmon, Derrick Young, Cory Brown, Stephen Johnson, Darryl Shaw, Royce Gavin, Paul Williams, Harold Green, Jr., Lasaundra Piazza, Danielle Thompson, and Olando Graves, be appointed as representatives of the San Francisco Sick Pay, Oakland Sick Pay, Los Angeles Sick Pay, San Diego Sick Pay, Wage Statement (LC 226), Waiting Time Penalties (LC 201-203), LC 204 Classes and UCL Classes;

3.    That Plaintiffs Hill, Stewart, and R. Johnson be appointed as the representative of the Excluded Watchmen Class; and

4.    That Counsel for Plaintiffs be appointed as Class Counsel.

///

**As to the First Cause of Action**

1.      That the Court declare, adjudge and decree that Defendants violated the following California Labor Code sections as to PAGA Plaintiffs and the aggrieved employees: 246 and 246.5 (by failing to provide sick pay wage compensation); 216 (willful failure to pay wages due after demand); 226(a) (by failing to provide accurate wage statements); 226.6 (misdemeanor for violation of 226(a)); and 201, 202, 203, and 204 (by failing to timely pay all earned wages during employment and upon termination); 210 (penalty for violation of 204); 216 (willful failure to pay sick pay wages due after demand); 225.5 (penalties for violation of 216); 226(a) (failure to provide accurate wage statements); 226.3 (penalties for violation of 226(a)); 226.6 (misdemeanor for violation of 226(a)); 246 (failing to provide the legally mandated sick pay); 246(i) (failing to provide the legally mandated written notice of the amount of paid sick leave accrued and used on an itemized wage statement); §246.5 (failing to provide the legally mandated paid sick days for the purposes of diagnosis, care, or treatment of an existing health condition of, or preventive care for, an employee or an employee's family member, or for an employee who is a victim of domestic violence, sexual assault, or stalking), 247 (failing to display posters informing Plaintiffs and other aggrieved employees of their rights to use sick pay); 247.5 (failing to keep legally mandated records employees' paid sick days accrued and used); 248.5 (penalties for violation of 245 – 249).

2.      For civil penalties pursuant to California Labor Code §§2699(a) and/or 2699(f) and (g), plus costs and attorneys' fees, for violations of California Labor Code §§201, 202, 203, 204, 210, 216, 225.5, 226(a), 225.5, 226.3, 226.6, 246, 246.5, 247.5, 248.5; and for such other and further relief as the Court may deem equitable and appropriate;

3.      For attorneys' fees and costs under the Labor Code, and/or any applicable statute, and

4.      For such other and further relief as the Court may deem equitable and appropriate.

**As to the Second Cause of Action**

1.    That the Court declare, adjudge and decree that Defendants violated San Francisco Administrative Code, Chapter 12W, *et seq*. and Labor and Employment Code §§11, *et seq.,* by failing to provide sick pay to Plaintiffs who worked in San Francisco and the San Francisco Sick Pay Class members;

2.    That the Court make an award to the Plaintiffs who worked in San Francisco and the San Francisco Sick Pay Class members one (l) hour of pay at each employee's regular rate of compensation for each 30 hours worked during the Relevant Time Period;

3.    That the Court make an award of penalties to the Plaintiffs who worked in San Francisco and the San Francisco Sick Pay Class members under San Francisco Labor and Employment Code and the applicable preceding Administrative Code;

4.    For all actual, consequential, and incidental losses and damages, according to proof;

5.    For prejudgment interest on any unpaid sick pay wages from the date such amounts were due;

6.    For attorneys' fees and costs under San Francisco Labor and Employment Code and the preceding Administrative Code and/or any applicable statute; and

7.    For such other and further relief as the Court may deem equitable and appropriate.

**As to the Third Cause of Action**

1.    That the Court declare, adjudge and decree that Defendants violated Oakland Municipal Code §§5.92, *et seq.,* by failing to provide sick pay to Plaintiffs who worked in Oakland and the Oakland Sick Pay Class members;

2.    That the Court make an award to the Plaintiffs who worked in Oakland and the Oakland Sick Pay Class members one (l) hour of pay at each employee's regular rate of compensation for each 30 hours worked during the Relevant Time Period;

3.    That the Court make an award of penalties to the Plaintiffs who worked in Oakland and the Oakland Sick Pay Class members under Oakland Municipal Code §§5.92, *et seq*;

SECOND AMENDED CLASS ACTION AND PAGA COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, RESTITUTION AND PENALTIES

4.      For all actual, consequential, and incidental losses and damages, according to proof;

5.      For prejudgment interest on any unpaid sick pay wages from the date such amounts were due;

6.      For attorneys' fees and costs under Oakland Municipal Code and/or any applicable statute; and

7.      For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fourth Cause of Action

1.      That the Court declare, adjudge and decree that Defendants violated Los Angeles Municipal Code §§187.00, *et seq.,* including but not limited to Los Angeles Municipal Code §§187.04 and 188.07 by failing to provide sick pay to Plaintiffs who worked in Los Angeles and the Los Angeles Sick Pay Class members;

2.      That the Court make an award to the Plaintiffs who worked in Los Angeles and the Los Angeles Sick Pay Class members one (l) hour of pay at each employee's regular rate of compensation for each 30 hours worked during the Relevant Time Period;

3.      That the Court make an award of penalties to the Plaintiffs who worked in Los Angeles and the Los Angeles Sick Pay Class members under Los Angeles Municipal Code §188.07;

4.      For all actual, consequential, and incidental losses and damages, according to proof;

5.      For prejudgment interest on any unpaid sick pay wages from the date such amounts were due;

6.      For attorneys' fees and costs under Los Angeles Municipal Code §188.07(A) and/or any applicable statute; and

7.      For such other and further relief as the Court may deem equitable and appropriate.

///

///

///

SECOND AMENDED CLASS ACTION AND PAGA COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, RESTITUTION AND PENALTIES

**As to the Fifth Cause of Action**

1. That the Court declare, adjudge and decree that Defendants violated San Diego Municipal Code §§39.0101, *et seq.,* by failing to provide sick pay to Plaintiffs who worked in San Diego and the San Diego Sick Pay Class members;

2. That the Court make an award to the Plaintiffs who worked in San Diego and the San Diego Sick Pay Class members one (l) hour of pay at each employee's regular rate of compensation for each 30 hours worked during the Relevant Time Period;

3. That the Court make an award of penalties to the Plaintiffs who worked in San Diego and the San Diego Sick Pay Class members under San Diego Municipal Code §39.0112, and any other applicable section;

4. For all actual, consequential, and incidental losses and damages, according to proof;

5. For prejudgment interest on any unpaid sick pay wages from the date such amounts were due;

6. For attorneys' fees and costs under San Diego Municipal Code and/or any applicable statute; and

7. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Sixth Cause of Action**

1. That the Court declare, adjudge and decree that Defendants violated Labor Code §§1102.5 and 98.6, and LAMC §187.06, and award Plaintiffs Hill, Stewart, R. Johnson, and the Excluded Watchmen the Pandemic Appreciation Pay;

2. That the Court award Plaintiffs Hill, Stewart, R. Johnson, and the Excluded Watchmen the civil penalties set forth in Labor Code §§1102.5(f) and 98.6(3) and LAMC §§188.07 and 188.08.

3. For interest on the Pandemic Appreciation Pay due from the day such amounts were due;

4. For reasonable attorney's fees and costs pursuant to Labor Code §1102.5(j);

5. For punitive damages; and

SECOND AMENDED CLASS ACTION AND PAGA COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, RESTITUTION AND PENALTIES

6.      For such other and further relief as the Court may deem equitable and appropriate.

<b><u>As to the Seventh Cause of Action</u></b>

1.      That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code §226 as to Plaintiffs and Class Members, and failed to provide accurate itemized wage statements thereto;

2.      For all actual, consequential and incidental losses and damages, according to proof;

3.      For injunctive relief and reasonable attorneys' fees and costs pursuant to California Labor Code §226(h);

4.      For statutory penalties pursuant to California Labor Code §226(e);

5.      For attorneys' fees and costs under the Labor Code §226(e) and/or any applicable statute; and

6.      For such other and further relief as the Court may deem equitable and appropriate.

<b><u>As to the Eighth Cause of Action</u></b>

1.      That the Court declare, adjudge and decree that Defendants violated Labor Code §§201 and 202 for failure to timely pay all earned sick pay wages to designated Plaintiffs and other aggrieved employees;

2.      For waiting time penalties pursuant to California Labor Code §203;

3.      For all actual, consequential and incidental losses and damages, according to proof; and

4.      For such other and further relief as the Court may deem equitable and appropriate.

<b><u>As to the Ninth Cause of Action</u></b>

1.      That the Court declare, adjudge and decree that Defendants violated Labor Code §204 for failure to timely pay all earned sick pay wages to designated Plaintiffs and other aggrieved employees;

2.      For penalties pursuant to California Labor Code §210;

3.      For all actual, consequential and incidental losses and damages, according to proof; and

4.      For such other and further relief as the Court may deem equitable and appropriate.

**As to the Tenth Cause of Action**

1.      That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code §§17200, *et seq.* by failing to provide Plaintiffs and Class members all sick pay wages, and by failing to pay Plaintiffs and Watchmen Class members Pandemic Appreciation Pay wages due to them;

2.      For restitution of all sick pay wages to Plaintiffs and all Class members and prejudgment interest from the day such amounts were due and payable;

3.      For restitution of all Pandemic Appreciation Pay wages to Plaintiffs and all Excluded Watchmen Class members and prejudgment interest from the day such amounts were due and payable;

4.      For a permanent injunction requiring Defendants to pay all outstanding sick pay wages due to Plaintiffs and Class members;

5.      For a mandatory injunction requiring Defendants to implement a sick pay policy for all of its employees and account for all accrued and unused sick pay for each employee on his/her/their paystubs, in accordance with California and local laws;

6.      For a mandatory injunction to compel Defendants to pay to all Watchmen the Pandemic Appreciation Pay benefit in the amount that other employees received;

7.      For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure §1021.5; and

8.      For such other and further relief as the Court may deem equitable and appropriate.

**DATED:  October 2, 2024**            **DAVIS\*GAVSIE & HAKIM, LLP**


                                       **By:   /s/ Frank Hakim**
                                              **Roxanne A. Davis, Esq.**
                                              **Frank Hakim, Esq.**
                                              **Attorneys for Plaintiffs**
                                       **PAMELA HILL, JERI STEWART, RHONDA JOHNSON, SHYRAUN RUFFIN, SHEILA SEALS, LA TINA BLACKMON, DERRICK YOUNG, CORY BROWN, STEPHEN JOHNSON, DARRYL SHAW, ROYCE GAVIN, PAUL WILLIAMS, and HAROLD GREEN, JR. individually, on behalf of other aggrieved employees pursuant to California Private Attorneys General Act of 2004 ("PAGA"), and all of**

SECOND AMENDED CLASS ACTION AND PAGA COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, RESTITUTION AND PENALTIES

1    the foregoing Plaintiffs along with LASAUNDRA PIAZZA,
2    DANIELLE THOMPSON, and OLANDO GRAVES,
     individually and on behalf of all employees similarly situated

3    ### DEMAND FOR JURY TRIAL

4    Plaintiffs, on behalf of themselves and all others on whose behalf this suit is brought, demand

5    trial by jury to the fullest extent permitted in this action, as provided by all applicable rules of Civil

6    Procedure.

7    **DATED:  October 2, 2024**          **DAVIS\*GAVSIE & HAKIM, LLP**

8

9                                        **By:  /s/ Frank Hakim          **
                                              **Roxanne A. Davis, Esq.**
10                                            **Frank Hakim, Esq.**
                                              **Attorneys for Plaintiffs**
11   **PAMELA HILL, JERI STEWART, RHONDA JOHNSON,**
     **SHYRAUN RUFFIN, SHEILA SEALS, LA TINA**
12   **BLACKMON, DERRICK YOUNG, CORY BROWN,**
     **STEPHEN JOHNSON, DARRYL SHAW, ROYCE GAVIN,**
13   **PAUL WILLIAMS, and HAROLD GREEN, JR. individually,**
     **on behalf of other aggrieved employees pursuant to California**
14   **Private Attorneys General Act of 2004 ("PAGA"), and all of**
     **the foregoing Plaintiffs along with LASAUNDRA PIAZZA,**
15   **DANIELLE THOMPSON, and OLANDO GRAVES,**
     **individually and on behalf of all employees similarly situated**
16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED CLASS ACTION AND PAGA COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, RESTITUTION AND PENALTIES