1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PAMELA HILL, et al., <br><br>          Plaintiffs, <br><br>     v. <br><br> PACIFIC MARITIME ASSOCIATION, et al., <br><br>          Defendants. | Case No.  24-cv-00336-JSC <br><br> **ORDER RE DEFENDANTS' MOTION TO DISMISS AND STRIKE PLAINTIFFS' THIRD AMENDED COMPLAINT** <br><br> Re: Dkt. No. 115 |

Plaintiffs allege Defendants failed to provide them sick pay and leave and retaliated against a subset of them in violation of California state and municipal laws.  (Dkt. No. 110.)[1]  Defendants move to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and move to strike certain class allegations under Federal Rule of Civil Procedure 12(f).  (Dkt. No. 115.)  Having carefully reviewed the parties' briefing and with the benefit of oral argument on May 1, 2025, the Court GRANTS in part the motion to dismiss and DENIES the motion to strike.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To meet this requirement, the complaint must provide "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the plaintiff pleads enough factual content to justify the reasonable inference the defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, "bare assertions"

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

1    which amount to a "'formulaic recitation of the elements' of a [] claim" are "conclusory and not

2    entitled to be assumed true." *Id.* at 681 (citing *Twombly*, 550 U.S. at 551, 555).

3        So, although Federal Rule of Civil Procedure 8 only requires a "short and plain statement

4    of the claim showing that the pleader is entitled to relief," a plaintiff's allegations "may not simply

5    recite the elements of a cause of action, but must contain sufficient allegations of underlying facts

6    to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*,

7    652 F.3d 1202, 1216 (9th Cir. 2011). In *Starr*, the Ninth Circuit reversed dismissal of a complaint

8    because the plaintiff had made "detailed factual allegations that [went] well beyond reciting the

9    elements of a claim of deliberate indifference." *Id.* Specifically, that plaintiff alleged (1)

10   "numerous incidents in which inmates in Los Angeles County jails have been killed or injured

11   because of the culpable actions of the subordinates of" the defendant; (2) "that [the defendant] was

12   given notice, in several reports, of systematic problems in the county jails under his supervision;"

13   and (3) that the defendant "did not take action to protect inmates under his care despite the

14   dangers, created by the actions of his subordinates, of which he had been made aware." *Id.* So,

15   the plaintiff's allegations were "sufficiently detailed to give notice to [the defendant] of the nature

16   of [the plaintiff's] claim against him and to give him a fair opportunity to defend against it." *Id.*

**ANALYSIS**

17

18   **1.  PAGA Claim (First Claim)**

19       The PAGA claim predicated on a violation of California Labor Code §§ 246 and 246.5 is

20   DISMISSED. Under § 246, California employees who work "for the same employer for 30 or

21   more days within a year from the commencement of employment [are] entitled to sick days"

22   accruing "at a rate of not less than one hour per every 30 hours worked." And under § 246.5,

23   employers must **"[u]pon the oral or written request of an employee"** provide sick days for "(1)

24   Diagnosis, care, or treatment of an existing health condition of, or preventive care for, an

25   employee or an employee's family member[] (2) For an employee who is a victim or whose family

26   member is a victim [of domestic abuse]." (emphasis added). The Third Amended Complaint

27   ("TAC") does not allege any facts that plausibly support an inference any named plaintiff made an

28   "oral or written request" to an employer to provide sick days. So, the TAC does not plausibly

2

1     allege a violation of the Labor Code sick pay provisions.

2           *Colopy v. Uber Techs. Inc.*, No. 19-cv-06462-EMC, 2020 WL 3544982, at \*3 (N.D. Cal.

3     June 30, 2020), does not persuade the Court otherwise.  First, here, unlike in *Colopy*, Defendants

4     have not conceded that requesting sick pay would have been futile nor that they lacked a sick

5     leave policy.  Second, the *Colopy* court "does not cite any authority" for its holding that the

6     expressed statutory language can be skirted when a company lacks a formal sick leave policy.  *See*

7     *Hassell v. Uber Techs., Inc.*, No. 20-cv-04062-PJH, 2021 WL 2531076, at \*23 (N.D. Cal. June 21,

8     2021) (holding it would not accept the plaintiff's citation to *Colopy* in dismissing his PAGA claim

9     based on unpaid sick leave wages).

10          **2.   Municipal Sick Leave Claims (Second, Third, Fourth, and Fifth Claims)**

11          The Los Angeles Municipal Code claim is DISMISSED for the reasons stated above: the

12    Code requires employers provide sick leave "upon the oral or written request" of the employee

13    and no named plaintiff alleges such a request was made.  Los Angeles Municipal Code §

14    187.04(G).  The Oakland, San Diego, and San Francisco municipal codes, in contrast, do not limit

15    their sick leave requirements to when an employee requests paid sick leave.  *See* Oakland

16    Municipal Code §§ 5.92, et seq.; San Diego Municipal Code §§ 39.0101, et seq.; San Francisco

17    Labor & Employment Code § 11.4.

18          But Plaintiffs have still not pled a plausible violation of any of these codes because no

19    named plaintiff plausibly alleges she was absent from work for a qualifying reason and should

20    have—but was not—paid in violation of the relevant municipal code.  Instead, each named

21    plaintiff makes the identical boilerplate allegation: named plaintiff "had to take time off from work

22    without pay for diagnosis, care and treatment of a health condition, for preventive care, and/or

23    another reason set forth in the law."  (Dkt. No. 110 ¶¶ 6-21.)  These allegations merely recite the

24    laws' elements rather than allege facts specific to each plaintiff.  *See Starr*, 652 F.3d at 1216

25    ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of

26    action, but must contain sufficient allegations of underlying facts to give fair notice and to enable

27    the opposing party to defend itself effectively.").  So, these claims are also DISMISSED.

28          **3.      Whistleblower Retaliation (Sixth Claim)**

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1   To state a prima facie whistleblower retaliation claim under California Labor Code §

2   1102.5, "a plaintiff must show that she engaged in protected activity, that she was thereafter

3   subjected to adverse employment action by her employer, and there was a causal link between the

4   two." *Soukup v. Law Offs. of Herbert Hafif*, 39 Cal. 4th 260, 287-88 (2006) (quoting *Morgan v.*

5   *Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 69 (2000)).  "The retaliatory motive is proved by

6   showing that plaintiff engaged in protected activities, that his employer was aware of the protected

7   activities, and that the adverse action followed within a relatively short time thereafter." *Morgan*,

8   88 Cal. App. 4th at 69 (cleaned up).

9   Plaintiffs Hill, Stewart and R. Johnson state a prima facie whistleblower retaliation claim

10   against PMA.  They allege PMA received Labor Commissioner complaints from Watchmen

11   Plaintiffs and other Watchmen complaining about the lack of sick leave, and received letters from

12   Plaintiffs' counsel advising it of the contents of these complaints.[2]  After receiving this

13   information, in and around July 2023 through November 2023, PMA excluded all Watchmen from

14   receiving Pandemic Appreciation Pay.  (Dkt. No. 110 ¶¶ 70-73.)

15   Defendants argue the time between the adverse employment action and the protected

16   activity is too great to support an inference of causation.  (Dkt. No. 125 at 12.)  But the cases

17   Defendants cite were decided at summary judgment with the benefit of fact discovery.  *Canupp v.*

18   *Children's Receiving Home of Sacramento*, 181 F. Supp. 3d 767, 793 (E.D. Cal. 2016); *Villiarimo*

19   *v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002).  Further, Plaintiffs allege the letter

20   confirming Watchmen would not receive Pandemic Appreciation Pay was dated July 1, 2023, and

21   payment would be made by November 2023.  (Dkt. No. 110 ¶ 76(e).)  And while Plaintiffs allege

22   they sent their counsel letter in July 2022, they also allege the Labor Commissioner complaints

23   remained unresolved by the time PMA announced the Pandemic Appreciation Pay.  (*Id.* ¶ 178.)

24

25   [2] The parties seek judicial notice or incorporation by reference of two different letters sent by
    Plaintiffs' counsel to certain Defendants in July of 2022, each claiming their attached letter is the
26   one referenced in the TAC.  (Dkt. Nos. 115-1, 119, 120.)  The July 19 letter enumerated which
    Plaintiffs did not receive sick pay wages and which Defendants they worked for (Dkt. No. 119 at
27   8-9), while the July 20th letter does not.  (Dkt. No. 115-1 at 18-19.)  As Plaintiffs are "master[s] of
    [their] complaint," the Court considers only the July 19th letter as the letter Plaintiffs incorporated
28   by reference. *Newtok Vill. v. Patrick*, 21 F.4th 608, 616 (9th Cir. 2021).

1    Additionally, this is not a case where causation is inferred from "timing alone," *Villiarimo*, 281

2    F.3d at 1065; here, a reasonable inference can be drawn from Plaintiffs' counsel identifying

3    complaints as coming from "Watchmen," and that Watchmen Plaintiffs were both filing

4    complaints with the Labor Commissioner and seeking to settle with Defendants as to each

5    Plaintiff. (Dkt. No. 119 at 8-10.) Further, the TAC does not plead any other plausible explanation

6    for not sharing Pandemic Appreciation Pay with Watchmen. Drawing all reasonable inferences in

7    Plaintiffs' favor, the TAC sufficiently alleges a causal link between the protected activity and

8    PMA's adverse employment action.

9        But Plaintiffs fail to make similar allegations as to other Defendants. Plaintiffs allege their

10    attorneys notified PMA's representative of the complaints, (Dkt. No. 110 ¶ 73), that PMA

11    "determined Plaintiffs' wages" and "manages the workforce for each of its member companies,"

12    (*Id.* ¶ 24) and that PMA's CEO announced Watchmen were excluded from the Pandemic

13    Appreciation Payment. (*Id.* ¶ 76(e).) They do not allege any facts that plausibly support an

14    inference any other defendant is liable for the withholding of Pandemic Appreciation Pay. As

15    such, Plaintiffs fail to state this claim as to the other Defendants, but successfully plead a

16    retaliation claim against PMA.

17        Accordingly, the Court DENIES Defendants' motion as to PMA, but GRANTS dismissal

18    of the Whistleblower Retaliation claim as to all other Defendants.

19        **5. Wage Statement Claim (Seventh Claim)**

20        Under California Labor Code § 226, employers must itemize certain information in their

21    employees' wage statements. Failure to comply entitles employees "to an injunction compelling

22    compliance and an award of costs and reasonable attorney's fees," and employees who suffer

23    injury "as a result of a knowing and intentional failure by an employer to comply with" these

24    requirements are entitled to statutory penalties. *Naranjo v. Spectrum Sec. Servs., Inc.*, 15 Cal. 5th

25    1056, 1064 (2024); Cal. Labor Code § 226(e)(1). But "inaccurate wage statements alone do not

26    justify penalties; the plaintiffs must establish injury flowing from the inaccuracy." *Maldonado v.*

27    *Epsilon Plastics, Inc.*, 22 Cal. App. 5th 1308, 1334 (2018). In *Maldonado*, the California court

28    explained:

United States District Court
Northern District of California

5

> [W]hen there is a wage and hour violation, the hours worked will differ from what was truly earned. But only the absence of the hours worked will give rise to an inference of injury; the absence of accurate wages earned will be remedied by the violated wage and hour law itself … .

*Id.* at 1336-37. So, when an employer underpays employees, the employees are entitled to their pay, as well as interest and attorney's fees. *Id.* at 1337 (citing Cal. Labor Code § 1194(a)). But in such circumstances, the law "does not mandate that they also receive penalties for the wage statements which accurately reflected their compensation under the rates at which they had worked at the time." *Id.*

Here, Plaintiffs have not alleged something more than their wage-and-hour claim, so Plaintiffs fail to plausibly plead injury stemming from failure to provide accurate wage statements. And "[t]he injury requirement in section 226, subdivision (e), cannot be satisfied simply because one of the nine itemized requirements in section 226, subdivision (a) is missing from a wage statement." *Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136, 1142, (2011) (citing *Jaimez v. Daiohs USA, Inc.*, 181 Cal. App. 4th 1286, 1306 (2010)).

Plaintiffs contend they suffered an injury in that they were unable "to verify, solely from information on the wage statements themselves, the accurate sick pay gross wages earned, … the corresponding number of hours accrued in sick pay … and that they were paid correctly and in full" and that this failure "come[s] at great expense to Plaintiffs and their counsel in terms of both time and money." (Dkt. No. 110 ¶ 155.) But in *Price*, the court held this is precisely the kind of injury that is insufficient to meet the requirements of § 226. *Price*, 192 Cal. App. 4th at 1142 (upholding demurrer to § 226 claim for failing to allege a cognizable injury when the plaintiff alleged he was deprived of information that "'caused confusion and possible underpayment of wages due,'" and "forced the putative class to attempt to reconstruct their time and pay records."). The claim also fails for the additional reason Plaintiffs fail to adequately allege underlying sick pay claims.

Accordingly, this claim is DISMISSED as well.

**6. Waiting Time Penalties (Eighth Claim)**

California Labor Code §§ 201-203 require employers pay employees unpaid earned wages

1    upon termination.  Plaintiffs allege certain Defendants willfully deprived three named Plaintiffs of

2    sick pay wages at the time of their departure.  To adequately allege a § 203 claim, "Plaintiff[s]

3    must allege facts showing a willful refusal to pay wages after [their] termination." *Rubalcaba v.*

4    *R&L Carriers Shared Servs., L.L.C.*, No. 23-cv-06581-HSG, 2025 WL 722442, at *3 (N.D. Cal.

5    Mar. 6, 2025) (collecting cases).  "Examples of such facts might include 'what wages were due,

6    when they were due, and when, if at all, they were paid, alongside allegations sufficient to show

7    Defendant's willful intent." *Id.* (quoting *Mauia v. Petrochem Insulation, Inc.*, No. 18-cv-01815-

8    MEJ, 2018 WL 3241049, at *10 (N.D. Cal. July 3, 2018) (internal citation omitted)).

9         But Plaintiffs have failed to plausibly allege they were entitled to sick pay wages during

10   their employment for the reasons stated above.  As such, Plaintiffs' Eighth Cause of Action for

11   violations of California Labor Code §§ 201-203 is DISMISSED.

12        **9.    Untimely Payment of Wages During Employment (Ninth Claim)**

13        California Labor Code § 204 requires employers pay wages twice a month.  Section 210

14   provides a private right of action to enforce violations of § 204.  Cal. Labor Code § 210.  But

15   courts regularly hold the mere underpayment of wages is insufficient to support a § 204 claim.

16   *See Huynh v. Jabil Inc.*, No. 22-cv-07460-WHO, 2023 WL 1802417, at *4 (N.D. Cal. Feb. 7,

17   2023) (dismissing § 204 claim, citing "decisions of other judges in this District for the proposition

18   that a plaintiff cannot assert a section 204 claim based only on alleged 'underpaid wages.'") (citing

19   *Carter v. Jai-Put Enter. Inc.*, No. 18-cv-06313-DMR, 2020 WL 3545094, at *10 (N.D. Cal. June

20   30, 2020) (rejecting § 204 claim because "a violation of section 204 cannot be premised solely on

21   the claim that an employer underpaid wages"); *Frausto v. Bank of Am., Nat'l Ass'n*, No. 18-cv-

22   01983-MEJ, 2018 WL 3659251, at *10 (N.D. Cal. Aug. 2, 2018) (explaining § 204 "simply

23   regulates the timing of wage payments and does not provide for the payment of any particular type

24   of wages or create any substantive right to wages")); *Scott v. Cintas Corp.*, No. 23-cv-05764-JSC,

25   2024 WL 1421277, at *5 (N.D. Cal. Apr. 2, 2024) (dismissing § 204 claim because the plaintiff

26   did not allege the defendant failed to timely pay wages, only that it underpaid his wages).

27        Plaintiffs allege Defendants underpaid their wages by failing to provide sick pay, so they

28   have failed to state a claim under § 204.  (*See* Dkt. No. 110 ¶ 171 ("During the Relevant Time

United States District Court
Northern District of California

7

1    Period, Defendants maintain weekly regular paydays. However, Defendants willfully failed to

2    timely pay Plaintiffs and other similarly situated employees all sick pay wages due to them on a

3    weekly basis, in violation of Labor Code §204. In fact, Defendants failed to timely pay any sick

4    pay wages to Plaintiffs and other similarly situated employees.").)

5            As such, Plaintiffs' Ninth Cause of Action for violations of § 204 is DISMISSED.

6            **10. Unlawful Business Practices (Tenth Claim)**

7            Plaintiffs' UCL claim is predicated on violations of Labor Code § 246, the municipal sick

8    law ordinances, violations of Labor Code §§ 201-204, and failing to pay Pandemic Appreciation

9    Pay.  (Dkt. No. 88 ¶ 177.)  As discussed previously, the Court dismisses all predicate claims

10    except the failure to pay the Pandemic Appreciation Pay in retaliation for sick pay complaints.

11            "The UCL provides only equitable remedies." *Mish v. TForce Freight, Inc.*, 21-cv-

12    049094-EMC, 2021 WL 4592124, at *5 (N.D. Cal. Oct. 6, 2021) (citing *Nationwide Biweekly*

13    *Admin., Inc. v. Superior Ct.*, 9 Cal. 5th 279, 292 (2020)).  Plaintiffs' demand for pandemic pay is

14    not restitution, it is a legal claim; so the UCL does not provide such relief.  And, Plaintiffs have

15    not alleged facts that support a plausible inference of standing to obtain injunctive relief on this

16    particular claim.

17            So, the Court DISMISSES Plaintiffs' UCL claim.

18            **11. Leave to Amend**

19            "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ.

20    Proc. 15(a)(2).  "However, the district court may exercise its discretion to deny leave to amend

21    due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure

22    deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., [and]

23    futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010)

24    (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

25            Defendants argue Plaintiffs should not be granted leave to amend because they have had

26    ample opportunity to state viable claims and failed to cure their pleading defects.  (Dkt. No. 115 at

27    24-25.)  Though Plaintiffs have filed four different complaints, the Court has only ruled on the

28    viability of one complaint.  (Dkt. No. 108.)  Additionally, Defendants have met and conferred over

United States District Court
Northern District of California

8

1    pleading defects with Plaintiffs, to which Plaintiffs responded by stipulating to amendments, thus

2    saving the Court and parties from costly motion practice.  (*See* Dkt. No. 73 at 3-4.)  Finally,

3    Defendants have not demonstrated further amendments would be futile.  Accordingly, where

4    Plaintiffs' claims are dismissed, they are DISMISSED WITH LEAVE TO AMEND.

5            **12. Motion to Strike**

6            The court may strike from a pleading an insufficient defense or any redundant, immaterial,

7    impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The Rule functions to "avoid the

8    expenditure of time and money that must arise from litigating spurious issues by dispensing with

9    those issues prior to trial."  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir.

10   2010) (citation omitted).  "Motions to strike are generally disfavored" and "should only be granted

11   if the matter sought to be stricken clearly has no possible bearing on the subject matter of the

12   litigation."  *Gutzalenko v. City of Richmond*, 723 F. Supp. 3d 748, 755 (N.D. Cal. 2024) (citations

13   omitted).  Additionally, Federal Rule of Civil Procedure 23 permits a court to "require that the

14   pleadings be amended to eliminate allegations about representation of absent persons and that the

15   action proceed accordingly."  However, courts in this District do not generally consider motions to

16   strike class allegations at the pleading stage.  *See Fukaya v. Daiso California LLC*, 23-cv-00099-

17   JSC, 2023 WL 3436092, at *4 (N.D. Cal. May 11, 2023); *see also In re Nexus 6P Prod. Liab.*

18   *Litig.*, 293 F. Supp. 3d 888, 960-61 (N.D. Cal. 2018) ("Even courts that have been willing to

19   entertain such a motion early in the proceedings have applied a very strict standard to motions to

20   strike class allegations on the pleadings.  Only if the court is convinced that any questions of law

21   are clear and not in dispute, and that under no set of circumstances could the claim or defense

22   succeed may the allegations be stricken.") (cleaned up).

23           Here, Defendants seek to strike only the class allegations for the Watchmen class as

24   overbroad and unascertainable.  But Plaintiffs successfully plead a retaliation claim as to the

25   Watchmen Plaintiffs against PMA.  And the parties here raise a dispute of law and fact as to

26   whether the claim may succeed as to any Watchmen who meet the class definition but who did not

27   themselves file Labor Commission complaints.  These "arguments may be properly considered at

28   the class certification stage, but are now premature."  *Fukaya*, 2023 WL 3436092 , at *4 (citing

United States District Court
Northern District of California

United States District Court
Northern District of California

1   *T. K. v. Adobe Sys. Inc.*, No. 17-cv-04595-LHK, 2018 WL 1812200, at \*13 (N.D. Cal. Apr. 17,

2   2018) ("[C]ourts in this district have similarly declined to address challenges to a putative class's

3   ability to satisfy Rule 23 at the pleading stage."); *see also In re Nexus 6P Prod. Liab. Litig.*, 293 F.

4   Supp. 3d at 960–61 (noting the high standard courts apply at the pleading stage for motions to

5   strike class allegations).

6          So, Defendants' motion to strike the Watchmen class allegations is DENIED.

7                                         **CONCLUSION**

8          For the reasons stated above, the Court rules as follows:

9          • Plaintiffs' PAGA claim for failure to pay sick leave is DISMISSED as to all

10            Defendants with leave to amend.

11         • Plaintiffs' municipal law claims are DISMISSED as to all Defendants with leave to

12            amend.

13         • Defendants' motion to dismiss Plaintiffs'  unlawful retaliation claim under California

14            Labor Code §§ 1102.5, 98.6 and Los Angeles Municipal Code § 187.06, is GRANTED

15            as to all Defendants except PMA.

16         • Plaintiffs' claim under California Labor Code § 226 for noncompliant wage statements

17            is DISMISSED as to all Defendants with leave to amend.

18         • Plaintiffs' claim under California Labor Code §§ 201-203 for untimely payment of

19            wages upon termination is DISMISSED as to all Defendants with leave to amend.

20         • Plaintiffs' claim under California Labor Code § 204 for untimely payment of wages is

21            DISMISSED as to all Defendants, with leave to amend, but only to the extent Plaintiffs

22            can allege an injury separate from the underpayment of wages.

23         • Plaintiff's UCL claim is DISMISSED as to all Defendants, with leave to amend.

24         • Defendants' motion to strike the Watchmen Class allegations is DENIED.

25         Plaintiffs must file any amended complaint no later than June 2, 2025.  The amended

26   complaint may not include new claims or defendants; separate leave to amend must be sought and

27   granted before new claims or defendants can be added.

28         This Order disposes of Docket No. 115.

United States District Court
Northern District of California

1          **IT IS SO ORDERED.**

2    Dated: May 2, 2025

3

4    _____
     JACQUELINE SCOTT CORLEY
5    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28