SEYFARTH SHAW LLP
Jesse L. Miller (SBN 183229)
jmiller@seyfarth.com
Taylor D. Horn (SBN 329435)
thorn@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823

SEYFARTH SHAW LLP
Ian H. Morrison (Admitted Pro Hac Vice)
imorrison@seyfarth.com
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000

Attorneys for Defendants
PACIFIC MARITIME ASSOCIATION, et al.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| PAMELA HILL, JERI STEWART, RHONDA JOHNSON, SHYRAUN RUFFIN, SHEILA SEALS, LA TINA BLACKMON, DERRICK YOUNG, CORY BROWN, STEPHEN JOHNSON, DARRYL SHAW, ROYCE GAVIN, PAUL WILLIAMS, and HAROLD GREEN, JR. individually, on behalf of other aggrieved employees pursuant to California Private Attorneys General Act of 2004, and PAMELA HILL, JERI STEWART, RHONDA JOHNSON, SHYRAUN RUFFIN, SHEILA SEALS, LA TINA BLACKMON, DERRICK YOUNG, CORY BROWN, STEPHEN JOHNSON, DARRYL SHAW, ROYCE GAVIN, PAUL WILLIAMS, HAROLD GREEN, JR., DANIELLE THOMPSON, OLANDO GRAVES, and KIMBERLY HUGHES, individually, on behalf of all similarly situated employees; <br><br> Plaintiffs, <br><br> v. <br><br> PACIFIC MARITIME ASSOCIATION, a California corporation; APM TERMINALS NORTH AMERICA INC., a corporation; APM TERMINALS PACIFIC LLC, a Limited Liability Company; | Case No. 3:24-cv-00336-JSC <br><br> **DEFENDANTS' OBJECTIONS TO NEW EVIDENCE SUBMITTED IN PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO: (1) PERMIT LIMITED DISCOVERY, (2) SUBMIT SUPPLEMENTAL EVIDENCE AND (3) SUBMIT SUPPLEMENTAL BRIEFING BEFORE RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** <br><br> Date:        July 16, 2026 <br> Time:        10:00 a.m. <br> Location:    Courtroom 8—19th Floor <br> Judge:       Hon. Jacqueline Scott Corley |

EVERPORT TERMINAL SERVICES, INC., a corporation; FENIX MARINE SERVICES, LTD., a Limited Company; INTERNATIONAL TRANSPORTATION SERVICE, LLC, a Limited Liability Company; LBCT, LLC, a Limited Liability Company; MAERSK A/S, a corporation; MARINE TERMINALS CORPORATION, a corporation; METRO CRUISE SERVICES LLC, a California corporation; PACIFIC TERMINAL SERVICE COMPANY, LLC, a Limited Liability Company; PASHA STEVEDORING & TERMINALS, INC., a California corporation; PASHA STEVEDORING & TERMINALS, L.P., a California Limited Partnership; SSA CONTAINERS, INC., a corporation; SSA MARINE, INC., a corporation; SSA PACIFIC, INC., a corporation; SSA TERMINALS, LLC, a Limited Liability Company; STEVEDORING SERVICES OF AMERICA 811-WA, an unknown business entity; TOTAL TERMINALS INTERNATIONAL, LLC, a Limited Liability Company; TRAPAC, LLC, a Limited Liability Company; YUSEN TERMINALS LLC, a California Limited Liability Company; BENICIA PORT TERMINAL COMPANY, a California corporation; PACIFIC CRANE MAINTENANCE COMPANY, LLC, a Limited Liability Company; WEST COAST TERMINAL AND STEVEDORE, INC., a California corporation; and DOES 1 through 100, inclusive,

Defendants.

Pursuant to Civil Local Rule 7-3(d)(1), Defendants Pacific Maritime Association, et al. ("Defendants") object to the new evidence submitted with Plaintiffs' Reply in Support of Motion for Leave to (1) Permit Limited Discovery, (2) Submit Supplemental Evidence, and (3) Submit Supplemental Briefing Before Ruling on Defendants' Motion for Summary Judgment (Doc. 179, "Reply") and the accompanying Declaration of Roxanne A. Davis (Doc. 179-1, "Davis Reply Decl.").

Plaintiffs' Reply improperly introduces seven new exhibits (Exhibits 1–7) and substantial new factual assertions that were not included in their original Motion for Leave (Doc. 177) or the original Davis Declaration (Doc. 177-1), which attached only a single exhibit. This late submission deprives Defendants of any opportunity to respond and is precisely the conduct repeatedly condemned by the Ninth Circuit. The Court should strike or decline to consider this new evidence.

**I.    GOVERNING LEGAL STANDARD**

The Ninth Circuit has repeatedly held that new evidence offered for the first time in a reply brief should not be considered because such submissions are fundamentally unfair to the non-moving party, which has no further opportunity to respond. *Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993) ("To the extent that [a reply] brief presents new information, it is improper."); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (noting it is unfair to allow a moving party to submit new evidence in their reply without affording the non-moving party an opportunity to respond).

Following this rule, courts routinely strike or refuse to consider new evidence submitted with a reply brief. *See Cal. Sportfishing Prot. Alliance v. Pac. States Indus., Inc.*, 2015 WL 5569073, at *2 (N.D. Cal. Sept. 22, 2015) ("Raising new arguments in a reply brief is classic sandbagging, and the Court will not tolerate it. It is expressly barred in the Court's Standing Order for Civil Cases."); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2013 WL 6502170, at *1 n.1 (N.D. Cal. Dec. 11, 2013) (sustaining objections to new declarations cited in reply brief); *Single Touch Interactive, Inc. v. Zoove Corp.*, 2013 WL 3802805, at *1 n.2 (N.D. Cal. July 17, 2013) (sustaining objections to reply declaration containing new evidence submitted as "belated attempt to cure the[] defects" in moving papers); *Iconix, Inc. v. Tokuda*, 457 F. Supp. 2d 969, 976 (N.D. Cal. 2006) (sustaining objection to new reply evidence and argument); *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 682 (S.D. Cal. 1999) ("It is well accepted that raising of new issues and submission of new facts in [a] reply brief is improper" (citations

1

DEFENDANTS' OBJECTIONS TO NEW EVIDENCE SUBMITTED IN PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE | CASE NO. 3:24-CV-00336-JSC

omitted)); *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (disregarding new evidence in reply because "it is well settled that new arguments cannot be made for the first time in reply. This goes for new facts too." (citations omitted)); *Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers.").

The rule squarely applies where, as here, the new "evidence" addresses issues that *should have been addressed* in the moving papers. *In re Cathode Ray Tube*, 2013 WL 6502170, at \*1 n.1.

## II.    SPECIFIC OBJECTIONS TO NEW REPLY EVIDENCE

### A.    Objection 1: Exhibit 1 to Davis Reply Decl. (New Discovery Materials, Deposition Notices, RFAs, and Scheduling Correspondence)

Plaintiffs argued diligence in their opening motion, yet withheld the underlying discovery materials that supposedly evidence that diligence when filing their opening papers and subsequently issued new written discovery requests (220 Requests for Admission to *each* of the 24 named defendants) and noticed depositions (the 30(b)(6) deposition notice included 33 topics and 33 categories of Requests for Production to *each* of the 24 separately named defendants) evidently intended to cover up the prior lack of diligence until reply. Plaintiffs' opening papers did not attach any discovery requests or materials regarding meet and confer efforts, much less any indication that a flood of discovery was about to issue. All of this material was either within Plaintiffs' possession or clearly planned and should have been submitted with the original motion. *See Provenz*, 102 F.3d at 1483; *Schwartz*, 183 F.R.D. at 682. This is "classic sandbagging." *Cal. Sportfishing*, 2015 WL 5569073, at \*2.

**Additional objection(s):** *Failure to authenticate*. Fed. R. Evid. 901(a).

### B.    Objection 2: Exhibit 2 to Davis Reply Decl. (Four Meet-and-Confer Letters)

The meet-and-confer letters dated May 30, 2025, June 6, 2025, and May 6, 2026 all predate Plaintiffs' original Motion for Leave filed June 3, 2026—by *more than a year* in some instances. There is no excuse for failing to submit these letters with the moving papers if they were truly probative of diligence. *Single Touch Interactive*, 2013 WL 3802805, at \*1 n.2.

**Additional objection(s):** *Hearsay*. Fed. R. Evid. 801(c), 802. The letters are out-of-court statements offered for the truth of the matters asserted (e.g., alleged promises by defense counsel, and

the alleged "agreement not to use the lapse of time as a defense"). **_Lack of foundation and_** **_authentication_**. Fed. R. Evid. 602, 901(a). Self-serving characterizations of one-sided correspondence cannot establish the underlying facts. Further, to the extent the letters contain Plaintiffs' counsel's own legal argument, they are improper argument by declaration.

**C.    Objection 3: Exhibit 3 to Davis Reply Decl. (Defendants' June 2, 2026 Supplemental RFP Responses)**

Defendants served their supplemental responses on June 2, 2026, before Plaintiffs filed their original Motion for Leave on June 3, 2026. Plaintiffs should have submitted this document in their moving papers and they offer no explanation for omitting it. *Provenz*, 102 F.3d at 1483; *Schwartz*, 183 F.R.D. at 682. Plaintiffs use this new exhibit to advance the new argument that Defendants are allegedly withholding responsive documents, an argument that should have been raised, if at all, in the moving papers. *Giles*, 191 F. Supp. 2d at 1127.

**Additional objection(s):** *Relevance*. Fed. R. Evid. 401, 403. Defendants' ongoing production is irrelevant to whether Rule 56(d) relief is warranted on issues supposedly raised at the 5/19/26 hearing.

**D.    Objection 4: Exhibit 4 to Davis Reply Decl. (June 2024 Email Identifying ERISA Cases)**

This is a two-year-old email exchange Plaintiffs have possessed since June 2024. Plaintiffs offer it for the first time on reply to argue that Defendants "had been vague on the basis for the ERISA motion throughout this case." This argument and its supporting evidence belonged, if anywhere, in the moving papers. *Tovar*, 3 F.3d at 1273 n.3; *Single Touch Interactive*, 2013 WL 3802805, at *1 n.2 (rejecting reply evidence offered as belated attempt to "cure the[] defects" in moving papers).

**Additional objection(s):** *Lack of foundation*. Fed. R. Evid. 602. *Hearsay*. Fed. R. Evid. 801(c), 802. The email is offered for the truth of what defense counsel said about the basis for Defendants' anticipated ERISA motion. *Relevance*. Fed. R. Evid. 401, 403. What defense counsel said about a Rule 12(c) motion that was not filed has no bearing on whether further discovery and briefing is proper.

**E.    Objection 5: Exhibit 5 to Davis Reply Decl. (Bartelson Deposition Excerpts re: Training)**

The Bartelson deposition was taken on April 23, 2026, five weeks before Plaintiffs filed their

3

motion for leave. Despite arguing about training pay, Plaintiffs attached a single excerpt of Bartelson's testimony to their motion (regarding Bartelson's own receipt of PSL). Plaintiffs cannot now selectively submit *additional* excerpts on reply to bolster their motion. *Single Touch Interactive*, 2013 WL 3802805, at *1 n.2. When they filed their motion, Plaintiffs knew about Bartelson's testimony regarding who pays for training; they should have presented that information in their moving papers, not for the first time on reply. *Provenz*, 102 F.3d at 1483; *Schwartz*, 183 F.R.D. at 682.

**Additional objection(s):** *Rule of Completeness*. Fed. R. Evid. 106. Plaintiffs only submitted selective excerpts; in fairness, the Court should consider the surrounding testimony providing context.

### F.    Objection 6: Exhibit 6 to Davis Reply Decl. (Plaintiff Olando Graves Pay Records Showing "PMA Training")

Plaintiff Graves is a named Plaintiff in this action; his pay records have been in Plaintiffs' possession at all relevant times. There is no justification for withholding this exhibit from the moving papers and submitting it for the first time on reply, particularly where Plaintiffs' opening motion squarely raised their incorrect contention that PMA pays for training, and that it does so as a non-ERISA payroll practice, as a basis for relief. *Provenz*, 102 F.3d at 1483; *Tovar*, 3 F.3d at 1273 n.3; *Schwartz*, 183 F.R.D. at 682. Worse yet, Plaintiffs offer the exhibit to advance a new factual contention that the paystub conclusively establishes "PMA as the payor for Training, . . . not the Joint Port Labor Relations Committee," rather than that, as with all payroll matters, PMA is the wage pay *agent. See* Doc. 147-1 (Bartelson Decl.) ¶ 8. This new factual showing on reply is prohibited. *Contratto*, 227 F.R.D. at 308 n.5.

**Additional objection(s):** *Lack of foundation*. Fed. R. Evid. 602. There is no declaration from anyone with personal knowledge laying a foundation for what the PMA notation on the paystub means or who actually disbursed the funds. *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004). *Failure to authenticate*. Fed. R. Evid. 901(a). *Hearsay*. Fed. R. Evid. 801(c), 802. The document is offered for the truth of the matter asserted (that PMA paid for training). *Improper lay opinion*. Fed. R. Evid. 701. Plaintiffs' counsel's interpretation of what the notation "PMA Training" means as to the identity of the payor and source of funds is impermissible lay opinion. *Certain Underwriters at Lloyd's, London v. Sinkovich*, 232 F.3d 200, 203 (4th Cir. 2000).

/ / / /

**G.      Objection 7: Exhibit 7 to Davis Reply Decl. (April 30, 2026 Letter from Jesse Miller)**

The April 30, 2026 letter predates Plaintiffs' original motion by more than a month. This evidence was available when Plaintiffs filed their moving papers and should have been included if it was relevant. *Provenz*, 102 F.3d at 1483; *Schwartz*, 183 F.R.D. at 682.

**Additional objection(s): *Relevance***, Fed. R. Evid. 401, 403. Class contact discovery has no bearing on the issues raised in Plaintiffs' motion (training payments, payroll account characterization, dispatch process, multiemployer payroll practices, federal contractor status).

**H.      Objection 8: New Factual Assertions Throughout the Davis Reply Declaration**

In addition to the new exhibits, the Davis Reply Declaration contains extensive new factual assertions that were not in the original Davis Declaration:

- The detailed chronology of discovery (Doc. 179-1, Davis Reply Decl. ¶¶ 3–5);
- Six meet-and-confer efforts (*Id.* ¶ 4);
- Defendants' alleged promises not to assert delay as a defense (*Id.* ¶ 4);
- The 220 RFAs served June 9, 2026 (*Id.* ¶ 7);
- Bartelson's depo testimony and supposed lack of personal knowledge (*Id.* ¶¶ 12–13);
- The new interpretation of Plaintiff Graves' paystub (*Id.* ¶ 13); and
- The scheduled June 25, 2026 meet-and-confer (*Id.* ¶¶ 7, 11).

These new factual assertions should be stricken. *Schwartz*, 183 F.R.D. at 682 ; *Contratto*, 227 F.R.D. at 308 n.5; *Pajas v. Cnty. of Monterey*, 2017 WL 1408016, at *7 (N.D. Cal. Apr. 20, 2017) ("It is well accepted that . . . submission of new facts in [a] reply brief is improper." (citations omitted)).

**Additional objections:** Paragraphs 5, 12-13 constitute improper legal argument by declaration, paragraphs 3-5, 7, 12-13 lack foundation (F.R.E. 602), and paragraphs 3-5, 7, 11 present inadmissible hearsay characterizations of communications with defense counsel (F.R.E. 801(c), 802).

**III.   CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court: (1) strike Exhibits 1 through 7 to the Davis Reply Declaration in their entirety; (2) strike the new factual assertions in paragraphs 3 through 18 of the Davis Reply Declaration; and (3) decline to consider the new arguments and evidence presented for the first time in Plaintiffs' Reply (Doc. 179).

DATED: July 1, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By: */s/ Jesse L. Miller*
Jesse L. Miller
Ian H. Morrison
Taylor D. Horn

Attorneys for Defendants
PACIFIC MARITIME ASSOCIATION, et al.

DEFENDANTS' OBJECTIONS TO NEW EVIDENCE SUBMITTED IN PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR LEAVE | CASE NO. 3:24-CV-00336-JSC